IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>      Defendant.<br><br><br>This Document Relates To:<br><br>All Actions | Master Docket No. 2:23-cv-05039-JMY |

## Application of Amber L. Schubert of Schubert Jonckheer & Kolbe for Appointment to Plaintiffs' Executive Committee

Pursuant to this Court's Order on Plaintiffs' Motion to Consolidate Cases (ECF 14) and Federal Rule of Civil Procedure 23(g), Amber L. Schubert of Schubert Jonckheer & Kolbe LLP respectfully requests that the Court appoint her to Plaintiffs' Executive Committee. The proposed class would be well-served by Ms. Schubert's experience in data privacy litigation and her record of working collaboratively to litigate and resolve complex class actions.

On March 27, 2024, this Court ordered that any attorney who filed a related Comcast Action may file an application for appointment as interim lead class counsel or other designated counsel either individually or as part of a proposed leadership slate. ECF 14 ¶ 5. On April 10,

1

2024, the self-described Majority Plaintiffs' group filed an application seeking the appointment of a proposed structure that includes two co-lead counsel, two co-liaison counsel, and a seven-person Plaintiffs' Executive Committee. ECF 22. In their joint application, Majority Plaintiffs indicated that although they have "worked diligently to gain consensus" for the motion, some counsel were not included in their proposal. *Id* at 4 n.3. Majority Plaintiffs also stated that they have "no objection to one or more of these applicants being added to the proposed Plaintiffs' Executive Committee at the Court's discretion." *Id.* Accordingly, if the Court adopts Majority Plaintiffs' proposed structure (or a similar structure), Ms. Schubert requests that the Court also appoint her to Plaintiffs' Executive Committee.[1]

In its order, the Court instructed each applicant to address the factors set forth in Rule 23(g) or other relevant factors. ECF 14 ¶ 5. Under Rule 23(g), courts must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Each of these factors supports Ms. Schubert's appointment to Plaintiffs' Executive Committee.

---

[1] Ms. Schubert takes no position on structure proposed in Majority Plaintiffs' application or the appointment of its individual members. In large data breach cases, such as this one, executive committees are routinely appointed to best represent the diverse interests of the proposed class and provide opportunities to a broad range of attorneys to perform discrete tasks at the direction of lead counsel. If the Court declines to appoint an executive committee, Ms. Schubert is willing and able to serve in any capacity, including interim class counsel, as the Court sees fit.

**1. Ms. Schubert has extensively identified and investigated the claims.**

Ms. Schubert and the Schubert Firm filed a well-vetted and well-researched forty-three page class-action complaint, which included two named plaintiffs and six causes of action. Instead of rushing to be the first to file, Ms. Schubert and the Schubert Firm took the necessary time to carefully vet potential plaintiffs who have strong standing allegations, research the factual issues concerning the data breach of Comcast and Citrix, and analyze the viable legal claims. The Schubert Firm's complaint is brought on behalf of two plaintiffs who have strong allegations of injury sufficient to satisfy Article III standing. In particular, following the data breach, plaintiff Jaclyn Remark had two credit cards fraudulently opened in her name by criminals, causing her other credit cards to be frozen, and lost $200 in her efforts to remediate the fraud. Similarly, plaintiff Noah Birkett was alerted to unauthorized persons who used his private information to secure a fraudulent loan in his name, and he was forced to place a security freeze on his credit. Ms. Schubert and the Schubert Firm's work identifying and investigating the claims in these actions demonstrates their rigorous and thoughtful approach to class-action litigation.

**2. Ms. Schubert has extensive experience prosecuting data-privacy class actions.**

Ms. Schubert is a Partner at the Schubert Firm, which has represented plaintiffs in class actions for over forty years. She is Chair of the firm's Consumer and Data Privacy Practice Group, which specializes in class actions involving data breaches, consumer privacy, and false advertising. Ms. Schubert received her undergraduate degree from U.C. Berkeley in 2003 and her law degree *cum laude* from the University of San Francisco in 2011, where she served as Editor-in-Chief of the USF Law Review.

Ms. Schubert has extensive experience in data breach and privacy class actions. She

currently serves on plaintiffs' executive committees in numerous data breach cases, including *In re LastPass Data Security Incident Litigation*, No. 22-cv-12047-PBS (D. Mass.) (breach of 33 million users' password vaults); *Skurauskis v. NationsBenefits Holdings, LLC*, No. 23-cv-60830-RAR (S.D. Fla.) (breach of 3 million health insurance subscribers' records); *In re HealthEC LLC Data Breach Litigation*, No. 2:24-cv-00026-JKS-ESK (D.N.J.) (breach of 4.5 million patients' health records); and *In re Orrick, Herrington & Sutcliffe, LLP Data Breach Litigation*, No. 3:23-cv-04089-SI (N.D. Cal.) (breach of law firm clients' private data). The Schubert Firm also serves as liaison counsel and is responsible for class certification, expert discovery, and third-party discovery in *Doe v. GoodRx Holdings, Inc. et al.*, No. 3:23-cv-00501-AMO (N.D. Cal.) (unauthorized use of over 20 million consumers' private health records by GoodRx, Meta Platforms, and Google).

Ms. Schubert has played an important role in each of these data breach and privacy cases. For example, in *LastPass*, as an Executive Committee member and Chair of the Third-Party Discovery Committee, she oversees subpoenas to nonparties, negotiates preservation and production of documents, and investigates other parties related to the breach of 33 million users' password vaults. In *NationsBenefits*, as an Executive Committee member, she drafted the opposition to the motion to dismiss 21 state statutory claims concerning the breach of 3 million health-insurance subscribers' records. In *GoodRx*, as liaison counsel, Ms. Schubert and the Schubert Firm are responsible for class certification, expert discovery, and third-party discovery and actively participated in two mediations to resolve the litigation. And in *Orrick*, she has made critical contributions to a classwide settlement, which will be submitted to the court tomorrow.

Even where she did not have a formal appointment, Ms. Schubert has played an important role in numerous data-breach class actions. For example, in *In Re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617 (N.D. Cal.), she and the Schubert Firm helped manage the document review, oversaw discovery vendors, and drafted important research memos concerning the breach of 78.8 million health records. They played a similar role in *Fero v. Excellus Health Plan, Inc.*, No. 6:15-cv-06569 (W.D.N.Y.), which concerned the breach of the personal health and financial information of 10.5 million health-insurance subscribers. In numerous other data-breach cases, Ms. Schubert has conducted discovery, helped draft briefs, managed client vetting, and participated in settlement discussions. *See*, *e.g.*, *Henderson et al. v. Reventics, LLC*, No. 1:23-cv-00586-MEH (D. Col.); *Hicks v. Coastal Med. Trans. Sys. LLC*, No. 1:23-cv-10097 (D. Mass.).

More broadly, Ms. Schubert has personally served as lead counsel in numerous complex class actions, including *Nalick v. Seagate Tech.*, No. CGC-15-547787 (Super. Ct. S.F.) (defective hard drives); *Fisher v. U.S.*, No. 1:15-cv-01575 (Fed. Cl.) (overcharges for PACER access to federal court dockets); and *Knowles v. ARRIS Int'l PLC*, No. 5:17-cv-01834-LHK (N.D. Cal.) (defective cable modems). As class counsel in Seagate, Ms. Schubert successfully briefed and argued an appeal reversing summary adjudication, and she is currently litigating a second appeal concerning class certification. Similarly, as lead counsel in *Arris*, Ms. Schubert briefed and won a motion to certify the class, and in *Fisher*, she defeated the Government's motions to dismiss and for summary judgment. Ms. Schubert has also served as co-counsel in *In re MacBook Keyb. Litig.*, No. 5:18-cv-02813 (N.D. Cal.) ($50 million class settlement of defective laptops); *Boyajian v. U.S.*, No. 1:15-cv-01574 (Fed. Cl.) ($88.5 million class settlement of Fifth Amendment takings claims against federal government); and *Poertner v. The Gillette Co.*, No. 12-cv-803 (M.D. Fla.)

5

($50 million class settlement in false-advertising action).

Moreover, the Schubert Firm has specialized in complex litigation for decades and has a strong track record. For example, in *In re Google AdWords Litigation*, No. 5:08-cv-03369 (N.D. Cal.), a class action alleging that Google placed advertisers' ads on low-quality junk websites, the Schubert Firm successfully won an appeal reversing the denial of class certification in the Ninth Circuit—making important new law on damages—a decision that has been cited over 250 times. *Pulaski & Middleman v. Google, Inc.,* 802 F.3d 979 (9th Cir. 2015). Ms. Schubert then served as primary counsel in the Supreme Court, successfully defeating Google's petition for certiorari on classwide damages. The Schubert Firm ultimately obtained a $22.5 million classwide settlement.

Based on her and her firm's extensive experience litigating complex class actions—in particular, data breach and privacy cases—Ms. Schubert is uniquely qualified to serve on Plaintiffs' Executive Committee.

**3.  Ms. Schubert has extensive knowledge of data breach and privacy law.**

As demonstrated by her extensive experience litigating data breach and privacy class actions, Ms. Schubert is well-versed in the law. Data breach class actions bring a unique set of challenges and litigating them often involves extensive fact discovery (including technical discovery into defendants' and third parties' networks and systems), understanding of an emerging body of Article III standing law, and the ability to negotiate meaningful changes to defendants' data-security practices to harden their systems against future attacks. Ms. Schubert is highly knowledgeable in the underlying substantive law, as well as the technical challenges these complex cases present. She will use her skills and experience to achieve the best possible outcome for the putative class.

**4. Ms. Schubert and the Schubert Firm will commit the necessary resources.**

Ms. Schubert and the Schubert Firm have a demonstrated record of successfully pursuing litigation on behalf of consumers, investors, and employees against well-financed defendants. *See, e.g.*, *Tucker v. Scrushy*, No. CV-02-5212 (Ala. Cir.) (co-lead counsel in a shareholder derivative action that resulted in $2.9 billion judgment against former HealthSouth CEO); *In Re Altria Group, Inc. Derivative Litig.*, No. 3:20-cv-00772 (E.D. Va.) ($117 million shareholder derivative settlement); *Pfeiffer v. Toll*, No. 4140 (Del. Ch.) ($16.25 million shareholder derivative settlement); *Kirschenbaum v. Electronic Arts, Inc.*, No. CIV440876 (Super. Ct. San Mateo) ($15.6 million employment misclassification settlement). As the Schubert Firm's record demonstrates, it has the resources necessary to serve on Plaintiffs' Executive Committee. Ms. Schubert is willing and able to commit the Firm's personnel to litigate this case to a successful resolution.

**5. Ms. Schubert's appointment would promote diversity.**

Finally, in addition to these factors, diversity is an important consideration in leadership appointments. As a recent study of MDL and class-action cases makes clear, "diversity enhances the quality of the decision-making process and results," and MDL judges "should make appointments consistent with the diversity of our society and justice system." James F. Humphreys Complex Litig. Ctr., George Wash. Law Sch., *Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation* (Mar. 15, 2021).

According to an ABA survey, however, 71% of class actions had no women as lead counsel, and in MDLs, men were three times more likely than women to be appointed lead counsel. *Id.* at 3. In fact, the Bureau of National Affairs reported in 2017 that women made up just

16.5% of all plaintiffs' leadership appointments in MDL cases. *Id.* And "[p]eople of color, disabled individuals, and LGBTQ lawyers are equally, if not more, underrepresented in these leadership positions." *Id.* at iii.[2]

As an accomplished attorney who is also a transgender woman and active member of the LGBTQ community, Ms. Schubert's appointment would promote diversity in leadership. Indeed, inviting "more diverse leaders to the MDL and class-action table can enhance the quality of representation and improve the decision-making process, while demonstrating to the parties and the public that discrimination, bias, and exclusion have no place in the federal judicial system." *Id.* at 11.

\*   \*   \*

Ms. Schubert's experience and track record in litigating and resolving complex data breach and privacy class actions, her passion for consumer rights, her personal commitment to improving the justice system, and her diverse background support her appointment. Accordingly, Ms. Schubert requests that the Court appoint her to Plaintiffs' Executive Committee.

---

[2] Although there are fewer studies on diverse and LGBTQ lawyers than women, they "clearly show that diverse and LGBTQ lawyers are more underrepresented than women." *Id.* at 38 n.115.

| | |
|---|---|
| Dated: April 10, 2024 | By:   */s/ Amber L. Schubert*   |

                                                    Amber L. Schubert (*pro hac vice*)
**Schubert Jonckheer & Kolbe LLP**
2001 Union Street, Suite 200
San Francisco, California 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
aschubert@sjk.law

Christian Levis (*pro hac vice*)
Amanda G. Fiorilla (*pro hac vice*)
**Lowey Dannenberg, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina (PA ID No. 322528)
**Lowey Dannenberg, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
achristina@lowey.com

*Counsel for Plaintiffs Jaclyn Remark and Noah Birkett*