# Exhibit C

STUEVE SIEGEL HANSON LYNCH CARPENTER

***DRAFT COMMUNICATION***

All Plaintiffs' Counsel

**Re:** ***Hasson v. Comcast Cable Communications, LLC***
**Case No. 2:23-cv-05039-JMY**

Dear Counsel:

As is our standard practice in similar litigation, all time spent and expenses incurred in connection with this litigation must be recorded on a contemporaneous basis. As provided in the proposed appointment order, **all work undertaken in this litigation must be expressly authorized by Lead Counsel**.

To facilitate the monitoring of time and expenses, each firm must submit detailed monthly time and expenses. All time should be reported at your regular billing rates in effect at your firm during the particular month(s) for which you are reporting. However, review of time and costs for reporting purposes and review of documents and coding must be capped at the lesser of the timekeeper's regular rate or $425.00 per hour.

**Reports for the preceding month will be due on the 15th day of the next month (or next business day if the 15th day is a weekend or holiday) and should be sent via email to comcasttime@stuevesiegel.com.**

Your first report is due **June 15, 2024**, and should include all time and expenses from inception of the case through **May 31, 2024**. Please note that we cannot and do not represent that pre-leadership appointment time, or any time for that matter, will be allowed by the Court or even submitted to the Court. All firms must use the standard form in the attached Excel spreadsheet for time and expense reporting. The template includes a time tab and an expense tab. **With your first report, please advise us as to who at your firm is the appropriate contact person for time and expense reporting purposes.**

Please note the following:

*First*, please submit your time in the proper format and on time. Time sent in the wrong format will be sent back. Time that is not timely submitted will not be considered.

*Second*, Lead Counsel reserves the right to not assign work to firms that are not current in their monthly time and expense reports.

*Third,* work performed in this case without the express, specific authorization of Lead Counsel will not be compensable. This includes reading and reviewing of correspondence and

pleadings, or appearances at hearings or depositions and travel time and expenses related to such appearances, unless assigned to do so by Lead Counsel. If in doubt, please confirm before incurring the time or expense.

*Fourth,* all billings may be audited periodically and billings that we do not believe are appropriate may be disallowed before our time is submitted to the Court, or at any time thereafter. It will make our job in this regard much easier if we all exercise restraint in our time keeping by only reporting time that is reasonably expended in prosecution of our clients' and the class's claims. We recognize that, given the number of reports to be submitted, it may not be realistic for Lead Counsel to provide immediate feedback regarding time submission and that such decisions may evolve as the case progresses, or based on feedback from the Court. Accordingly, please note that even if billing reports are "accepted" at the time submitted, this does not mean that the time is "approved," or that the submissions will ultimately be deemed compensable and submitted to the court in support of a fee application. We will examine—and re-examine—all of our time in a comprehensive way before any fee application is submitted to determine, based upon a complete picture of how the case was prosecuted, how each firm's time should be treated.

*Fifth,* we are not using task codes; therefore your time entries will require fulsome, clear descriptions of each and every time entry you make, and separate tasks should have separate time indicated. Individuals identified in time entries must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable.

*Sixth,* we ask that you not staff committee calls with more than one lawyer from your firm. Exceptions to this policy will require advance approval from Lead Counsel. Absent express authorization, time for multiple attendees will not be compensable.

*Seventh,* we intend to be particularly mindful about the use of contract lawyers, in particular for document review purposes. Any use of contract lawyers for document review or any other work must be expressly approved in writing by Lead Counsel in advance. Work performed by contract attorneys, for any purpose, may be subjected to a cap on the hourly rate charged for those lawyers' time.

*Eighth,* Lead Counsel has established an account from which common expenses will be paid. Common expenses include such matters as filing and service costs related to the consolidated action; deposition and court reporter fees; the cost of creating and operating a document depository; administrative expenses, such as the expenses associated with PSC meetings and conference calls; expert and consultant fees and expenses; fees for e-discovery, copying, and coding (done outside of a particular firm); witness expenses; fees for independent investigators; bank charges; and such other common expenses approved by Lead Counsel. No one other than Lead Counsel may incur common expenses without approval. Bills for approved common

expenses should be sent for payment to my firm who maintains the litigation fund. Any common expense will require advance approval from Lead Counsel before the expense is paid.

*Ninth,* you should report on a monthly basis all non-common expenses (*e.g.*, Westlaw, in-house copies) for which you may seek reimbursement at the conclusion of the case. Non-common expenses should be reported at cost without any markups.

If we are fortunate enough to earn a fee in this case, the allocation of the fee between the participating firms will be made by Lead Counsel when the fee has been earned. In allocating any fee, Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. Each firm's lodestar will be a factor in determining value, but it will not be the only factor. Among other things, how efficiently a firm has handled its responsibilities will be given significant weight.

We look forward to working with all of you on this case.

Sincerely,

**DRAFT**

Norman E. Siegel

**DRAFT**

Gary Lynch