IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS, LLC, <br><br> Defendant. | CIVIL ACTION No. 23-5039 <br><br> This Document Relates to: All Actions |

## CASE MANAGEMENT ORDER NO. 2

1. On March 27, 2024, this Court entered an order granting Plaintiff Kenneth Hasson's motion to consolidate actions and scheduling the filing of Plaintiffs' motions for leadership, which included a process for submitting applications for appointment of interim class counsel or other designated counsel either individually or as part of a proposed leadership structure.

2. The Court has analyzed those submissions and considered the factors identified in the Manual for Complex Litigation (Fourth), Federal Rule of Civil Procedure 23(g), and other accepted guidance respecting appointment of leadership counsel in cases of this kind.

3. Accordingly, the Court hereby **GRANTS** the application of Majority Plaintiffs Patricia Andros, Michelle Birnie, Michelle Clark, H. Joshua Diamond, Jessica Durham, Robert P. Elson, Vince Estevez, Charolet W. Fail, Raymond Goodrow, Centoria Gunther, Kenneth Hasson, Danielle Hendrickson, Jacqueline Keung, Charles Metzger, David McCauley, Alyssia Nanez, Alexander Nunn, Steven Prescott, Ronald Simmont, Robert Smith, Veronica Verdier, Ralf Werner, Laura Wiley, Marcia P. Wilson, Lauren Wilkinson, Jodi Wolfson, Joseph Zagacki,

and Lori Zinn (collectively, "Plaintiffs"), **DENIES as MOOT** the alternative Motions to Appoint Interim Class Counsel (ECF Nos. 20-24), and **ORDERS** as follows:

PLAINTIFFS' INTERIM CLASS COUNSEL

4. The Court appoints the following attorneys to serve as Interim Class Counsel pursuant to Rule 23(g):

    a.    Co-Lead Counsel:

        Gary F. Lynch, Lynch Carpenter LLP; and
        Norman E. Siegel, Stueve Siegel Hanson LLP.

    b.    Members of Plaintiffs' Executive Committee:

        E. Michelle Drake, Berger Montague P.C.;
        Ryan J. Clarkson, Clarkson Law Firm P.C.;
        Amanda G. Fiorilla, Lowey Dannenberg P.C.;
        Todd Garber, Finkelstein, Blankinship, Frei-Pearson & Garber LLP;
        Joe Leniski, Herzfeld, Suetholz, Gastel, Leniski, and Wall PLLC;
        Rosemary M. Rivas, Gibbs Law Group LLP;
        Kevin Laukaitis, Laukaitis Law LLC;
        Matthew Lines, Isicoff Ragatz;
        Amber Schubert, Schubert Jonckheer & Kolbe LLP;
        Diana J. Zinser, Spector Roseman & Kodroff P.C.;
        *James A. Francis, Francis Soumilas Mailman, P.C.; and
        *Charles E. Schaffer, Levin Sedran & Berman LLP.

        *Shall also serve as Co-Liaison Counsel.

5. The above-named attorneys meet the requirements of Rule 23(g), are designated to act on behalf of the putative class before determining whether to certify the action as a class action, and shall serve as Interim Class Counsel with responsibility for managing the distribution of work amongst Plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Class Counsel are as follows:

    a.    Assigning work to other Plaintiffs' counsel who have filed complaints in

      this consolidated litigation, as necessary in light of the needs of the litigation;

b. Determining and presenting Plaintiffs' position to the Court and opposing parties (in pleadings, motions, briefs, oral argument, or such other fashion as may be appropriate, personally or by designee) on all matters arising during pretrial (and if appropriate, trial) proceedings;

c. Initiating, coordinating, and conducting all pretrial discovery on behalf of Plaintiffs in this consolidated litigation, including preparing joint interrogatories and requests for production of documents, examining witnesses in depositions, and coordinating all other types of discovery proceedings;

d. Examining witnesses and introducing evidence at hearings on behalf of Plaintiffs;

e. Performing all work necessary for the prosecution of the case, including investigation, research, briefing, and discovery;

f. Managing all work assignments on behalf of Plaintiffs in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

g. Appearing at all hearings and conferences regarding the case as most appropriate for effective and efficient presentation;

h. Negotiating and entering into stipulations and agreements with opposing counsel as necessary throughout the litigation, including discovery, mediation, and other pretrial matters;

      i.      Consulting with and employing experts;

      j.      Calling meetings of all Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

      k.      Initiating proposals, suggestions, schedules, and any other appropriate matters pertaining to pretrial proceedings;

      l.      Preparing and distributing periodic status reports to the Court (as requested) and to the parties;

      m.      Acting as spokespersons for all Plaintiffs with Defendants and the Court, subject to the right of other Plaintiffs' counsel to present non-repetitive individual or different positions;

      n.      Conducting settlement negotiations on behalf of all Plaintiffs;

      o.      Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures. If and when appropriate, Interim Class Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and

      p.      Otherwise directing, coordinating, and supervising the prosecution of Plaintiffs' claims in the consolidated actions.

6.      The Plaintiffs' Executive Committee may create other such committees and subcommittees (made up of counsel of record in this proceeding) as necessary and proper to efficiently carry out its responsibilities, and may designate members thereof, and/or delegate

common benefit work responsibilities to selected counsel (including non-members of the Plaintiffs' Executive Committee) as required for the common benefit of all Plaintiffs.

7. To the extent a committee or subcommittee needs additional support with its common benefit work, it may seek the participation and assistance of non-leadership counsel. However, no common benefit work may be performed by non-leadership counsel without the prior approval of Interim Class Counsel.

8. The Court may amend or expand the Plaintiffs' Executive Committee upon request from Interim Class Counsel or on the Court's own motion, if an as circumstances warrant.

## INITIAL SCHEDULE

9. Within ten (10) days of the entry of this Order, Interim Class Counsel and Defendants shall file a jointly-proposed scheduling order for all pretrial matters. This proposed scheduling order shall include reoccurring status conferences.

10. Within forty-five (45) days of the entry of this Order, Interim Class Counsel shall file a Consolidated Complaint.

11. Within forty-five (45) days of the filing of the Consolidated Complaint, Defendants shall file any Motions or Answer in response to the Consolidated Complaint.

12. Within forty-five (45) days of the filing of any Motions in response to the Consolidated Complaint, Interim Class Counsel shall file a Response to any such Motions.

13. Within thirty (30) days of the filing of any such Response, Defendant shall file a Reply.

14. Discovery shall commence upon the filing of the Consolidated Complaint.

## ADDITIONAL MATTERS

15. This Order applies to all actions in the above-captioned consolidated matters and all subsequently consolidated actions.

16. Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Class Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS SO ORDERED**.

Date: May 15, 2024						BY THE COURT:

								/s/ John Milton Younge
								**Judge John Milton Younge**