# STUEVE SIEGEL HANSON

March 26, 2025

**VIA ECF**

Honorable John M. Younge
United States District Court
Eastern District of Pennsylvania
15613 U.S. Courthouse
601 Market Street, Courtroom 15-B
Philadelphia, PA 19106

> RE: *Kenneth Hasson v. Comcast Cable Communications, LLC, et al.,*
> Case No.: 2:23-cv-05039-JMY

Dear Judge Younge:

On behalf of Plaintiffs, and in advance of the April 1, 2025, video hearing set by the Court, we write in response to Defendant Comcast's March 24, 2025, letter to the Court (Doc. 174) regarding Plaintiffs' counsel's filing of a state court complaint.

As the Court is aware, Comcast has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(1), making a factual challenge to Plaintiffs' standing to sue in federal court under Article III of the U.S. Constitution. Defendants' position is that this Court, as a Court of limited jurisdiction, cannot make any substantive decisions on the merits of Plaintiffs' claims in the Consolidated Complaint because the Plaintiffs do not belong in federal court *at all*. Defendants acknowledged that because their attack on Article III standing was based on information they submitted with their motions (rather than simply a facial challenge to the allegations in the Consolidated Complaint), Plaintiffs were entitled to discovery to test those factual assertions before responding to the motions. The Parties agreed to that discovery, which the Court ordered on March 4, 2025. *See* Doc. 167. That discovery is ongoing.

If Defendants' motion challenging Article III standing is successful, the claims in this case will be heard in one or more state courts. As this Court is aware, Article III standing principles generally do not apply in state court, particularly with respect to statutory violations. *See, e.g., In Five Star Bank v. Chipego*, 2024 PA Super 46, 312 A.3d 910, 920 (2024) (rejecting application of Art. III principles in state court and holding that, "a statutory violation . . . is sufficient to confer standing" in Pennsylvania state courts). *See also Firearm Owners Against Crime v. Papenfuse*, 261 A.3d 467, 481-82 (2021) (distinguishing Pennsylvania's more liberal standing test from the constitutional test for standing in federal court). Thus, to protect the interests of the class, Plaintiffs' counsel filed a class complaint in California state court (to be corrected to cover a California-only class) and a class complaint in Pennsylvania state court (covering a 49-state state class, excluding California).

**STUEVE SIEGEL HANSON**

March 26, 2025
Page 2

      While Plaintiffs may conclude that some or all Plaintiffs should proceed in state court, Plaintiffs' present contention is that federal jurisdiction exists over the claims in the Consolidated Complaint. Consequently, the state court filings are in response to Defendants' position on the jurisdictional issue and do not represent any concession regarding this Court's jurisdiction. The state court filings are also being filed to protect against the chance that if contested, this Court could nevertheless agree with Defendants and find no Article III standing with respect to some or all Plaintiffs. Filing state court actions in response to Defendants' standing challenge is therefore in no way inconsistent with Plaintiffs' counsel's obligations to this Court or any duty of candor to Defendants' counsel.

      Likewise, Comcast's suggestion to the Court that they were surprised by the state court complaints is simply inexplicable. Although they were under no obligation to preview their litigation strategy, Plaintiffs' counsel directly disclosed their plan to Defendants in a March 7, 2025, letter that included the following passage related to Defendants' standing challenge: "Moreover, in light of Defendants' new challenge to standing, **Plaintiffs are considering filing a new action in state court**, which would not be removable and where Art. III standing principles simply do not apply." (emphasis added). This statement was repeated when the Parties met face-to-face the following week. Despite weeks of advance notice, at no point did Defendants' counsel suggest that they would consider filing state cases improper, let alone an issue that required this Court's attention.

      Finally, filing in state court does not reflect "judge and forum shopping" but rather a commitment by Plaintiffs' counsel to protect the interests of the class in light of *Defendants' position* the case should not be litigated in federal court. To be clear, it is Defendants, and not Plaintiffs, who are arguing that this forum is improper and the cases must be litigated elsewhere. If Defendants are successful, the cases will be litigated in state court. Thus, Defendants' hollow accusation that Plaintiffs are somehow "judge and forum shopping," is without merit.

      We look forward to addressing any of the Court's questions on April 1.

                               Respectfully,

                               Norman E. Siegel