# Holland & Knight

1650 Market Street, Suite 3300 | Philadelphia, PA 19103 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Richard Harris
215.252.9594
Richard.Harris@hklaw.com

Paul Bond
215.252.9535
Paul.Bond@hklaw.com

March 31, 2025

**VIA ECF**

Honorable John M. Younge
United States District Court
Eastern District of Pennsylvania
15613 U.S. Courthouse
601 Market Street, Courtroom 15-B
Philadelphia, PA 19106

      RE:    Kenneth Hasson v. Comcast Cable Communications, LLC, et al.
              Case No.: 2:23-cv-05039-JMY

Dear Judge Younge:

Defendants Comcast Communications Corporation, LLC and Comcast Corporation ("Comcast") write to respond to Interim Class Counsel's letter of March 26, 2025 **[DE #177]**. In that letter, Interim Class Counsel generically stated that "to protect the interests of the class, Plaintiffs' counsel filed a class complaint in California state court (to be corrected to cover a California-only class) and a class complaint in Pennsylvania state court (covering a 49-state state class, excluding California)." *Id*. at 1.

Interim Class Counsel's letter lacks any explanation of what harm could befall the putative class, such that filing the *Scheirer* and *Emmett* actions (collectively, "Duplicative State Actions") ***now*** provides protection. If this Court dismisses *Hasson*, counsel could file these exact same cases in these same state courts the next day.[1] Moreover, *American Pipe* provides for class-wide tolling of all claims while they remain in federal court.[2] If the putative class in *Hasson* needs additional protection, Interim Class Counsel never asked this Court for it. Indeed, Interim Class Counsel's

---

[1] Comcast says this without waiver of any defense or objection it may have.
[2] *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

letter offers no explanation for why they failed to notify this Court of either of these filings, and why it fell to Comcast to do so after spotting them via newswire.

These failures are particularly problematic when viewed in the larger context of this litigation to date. As it currently stands, Plaintiffs, through Interim Class Counsel, have been pursuing their claims against Comcast for nearly a year. They have had the opportunity to file two consolidated class action complaints spanning hundreds of pages, on behalf more than a dozen plaintiffs, asserting more than twenty claims. They have served nearly 100 requests for production, and dozens more requests for admissions and interrogatories. They have pursued two mediations, which Comcast has attended in good faith. They have taken three depositions and requested an inspection of the database affected by the at-issue data incident as part of their jurisdictional discovery effort. All of this has required Comcast to defend itself on multiple fronts and expend significant resources to do so.

If Interim Class Counsel vigorously litigate these Duplicative State Actions while *Hasson* remains before Your Honor, the results can only be disruption, inefficiency, duplication, and wasted expense. Plaintiffs would task three judges in three different courts with independently hearing the same case (or a subset thereof). This is a recipe for inevitable duplication and conflict, including the risk of inconsistent rulings on overlapping issues of fact or law.

Interim Class Counsel's filing of the Duplicative State Actions in the face of the lengthy procedural history and discovery effort in this action to-date violates their primary duties as Interim Class Counsel. In Case Management Order No. 2, **[DE #51]**, this Court exercised its discretion and appointed current Interim Class Counsel to that role, at their request and over the application of another candidate group. The Court assigned duties and responsibilities of Interim Class Counsel which include "**[i]nitiating, coordinating, and conducting all pretrial discovery on behalf of Plaintiffs in this consolidated litigation**," and working to "**promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense**." *Case Management Order No. 2*, at ¶5(c) and (f).

Separately, Comcast feels compelled to address a statement Interim Class Counsel made in their letter. Interim Class Counsel said that:

> Plaintiffs' counsel directly disclosed their plan to Defendants in a March 7, 2025, letter that included the following passage related to Defendants' standing challenge: Moreover, in light of Defendants' new challenge to standing, *Plaintiffs are considering filing a new action in state court*, which would not be removable and where Art. III standing principle simply do not apply." (emphasis added). This statement was repeated when the Parties met face-to-face the following week. **[DE #177]**.

The only letter that Plaintiffs' counsel sent to Comcast on March 7, 2025 was Plaintiffs' PRIVILEGED AND CONFIDENTIAL MEDIATION STATEMENT PURSUANT TO FED. R. EVID. 408. Plaintiffs are quoting from their own privileged and confidential mediation statement in an open court filing. It does include that sentence. But nowhere in that quote do Plaintiffs suggest that they would file duplicative state court actions *while* Plaintiffs *continued* to demand this Court's time adjudicating *Hasson*.

The only discussion the Parties had meeting face-to-face the following week was an unsuccessful confidential mediation session, for which the Honorable Diane M. Welsh (Ret.) of JAMS was the mediator. Comcast disputes Plaintiffs' characterization of statements made but cannot comment further due to the confidentiality of the mediation process. And, again, nowhere do Plaintiffs state that in the follow-up conversations they suggested that they would file duplicative state court actions *while* Plaintiffs *continued* to demand this Court's time adjudicating *Hasson*.

In summary, Interim Class Counsel's recent conduct as reflected herein violates the duties assigned to them by this Court in their role as Interim Class Counsel and calls into question whether they should continue to have the privilege of holding that position. Comcast respectfully requests that this Court re-evaluate the selection of current Interim Class Counsel to represent the putative class.

Respectfully submitted,

*[signature]*

Richard Harris
Paul Bond