# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>COMCAST CABLE COMMUNICATIONS LLC, COMCAST CORPORATION, CITRIX SYSTEMS, INC., and CLOUD SOFTWARE GROUP, INC.,<br><br>        Defendants.<br><br>This Document Relates to: All Actions | Master File No. 2:23-cv-05039-JMY |

## BRIEF IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATIONS OF SANDRA CAVAZOS AND ADAM DARRAH FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS

Plaintiffs Patricia Andros, Michelle Birnie, Jessica Durham, Vince Estevez, Charolet W. Fail, Danielle Hendrickson, Alyssia Nanez, Alexander Nunn, Steven Prescott, Robert Smith, Veronica Verdier, Marcia Wilson, Jodi Wolfson, (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, file these Objections to and Motion to Strike the Declarations of Sandra Cavazos and Adam Darrah filed in support of Defendants Comcast Cable Communications LLC's and Comcast Corporation's (collectively, "Comcast") Motion to Dismiss the Corrected First Amended Consolidated Class Action Complaint (ECF No. 158) (the "Motion to Dismiss").

## INTRODUCTION & BACKGROUND

Recognizing the adequacy of Plaintiffs' allegations, Comcast craftily tries to mount a factual attack to this Court's jurisdiction. ECF No. 158. To this end, Comcast relies, in part, on the declarations of Sandra Cavazos, a Comcast employee ("Cavazos Decl.," ECF No. 158-3) and Adam Darrah, an employee of a cybersecurity company that Comcast engaged to investigate the Data Breach. ("Darrah Decl.," ECF No. 158-18).[1] These declarations are inadmissible and should be stricken for at least three reasons.

*First*, neither Cavazos nor Darrah personally perceived any matters attested to in their declarations rendering them without sufficient personal knowledge under Rule 602 of the Federal Rules of Evidence. *Second*, Cavazos's and Darrah's declarations contain opinions that are unreliable, unhelpful to the trier of fact, and not based on scientific, technical, or other specialized knowledge as required by Rule 701 and Rule 702, making them impermissible lay opinion testimony. *And third*, the conduct described—such as dark web investigations; the creation and export of forensic copies; and querying specialized databases—are technical in nature and fall squarely within the domain of expert testimony, which Cavazos and Darrah are not sufficiently qualified to offer. Thus, Cavazos's and Darrah's declarations should be stricken and excluded from consideration in resolving Comcast's Motion to Dismiss.

## LEGAL STANDARD

"District courts . . . retain their inherent authority to control their docket," including the power to "strike from the record an improperly filed document." *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-cv-1283, 2015 WL 3966434, at *3 (W.D. Pa. June 8, 2015). Under Rule 12(f), the

---

[1] The facts relevant to Plaintiffs' Motion are incorporated in the Argument section, *infra*. For additional factual background, Plaintiffs refer the Court to the factual overview set forth in Plaintiffs' Opposition to Defendants' Motions to Dismiss, filed concurrently with this Motion.

court may strike "any redundant, immaterial, impertinent, or scandalous matter." Several courts have granted motions to strike evidence found to be inadmissible and incompetent under the Federal Rules of Evidence and thus immaterial. *See, e.g.*, *Ciolli v. Iravani*, 625 F.Supp.2d 276, 284–89 (E.D. Pa. 2009); *Bergman v. Jefferson–Pilot Life Ins. Co.*, No. 03–4459, 2003 WL 23142155, at *1 (E.D. Pa. Dec. 30, 2003); *Scott v. Twp. of Bristol*, No. 90–1412, 1991 WL 40354, at *5 (E.D. Pa. Mar. 20, 1991); *Agnew v. Aydin Corp.*, No. 88–3436, 1988 WL 92872, at *4 (E.D. Pa. Sept. 6, 1988). A court has "considerable discretion" in deciding a motion to strike under Rule 12(f).

## ARGUMENT

To consider Cavazos's and Darrah's declarations on a Rule 12(b)(1) factual attack, those declarations must first be admissible. *See Shelton v. Univ. of Med. & Dentistry of New Jersey*, 223 F.3d 220, 226 n.7 (3d Cir. 2000) (noting that inadmissible evidence may be considered only "if [it] is capable of admission at trial."); *see also Rose v. Bartle*, 87 F2d 331, 342 (3d Cir. 1989) (where court considers evidence outside the pleadings it should be based on "materials admissible in a summary judgment proceeding"). While it is unclear through which Federal Rule of Evidence Comcast is proffering these declarations (FRE 602, 701, or 702), Cavazos's and Darrah's declarations are inadmissible under each one. And because they are inadmissible, they are impertinent. *See, e.g.*, *Ciolli*, 625 F.Supp.2d at 284–89; *Bergman*, 2003 WL 23142155, at *1; *Scott*, 1991 WL 40354, at *5; *Agnew*, 1988 WL 92872, at *4. Thus, the Court should grant Plaintiffs' motion to strike and exclude these declarations in deciding Comcast's motion to dismiss.

## I.    THE CAVAZOS AND DARRAH DECLARATIONS LACK PERSONAL KNOWLEDGE AND ARE BASED ON HEARSAY VIOLATING FRE 602.

The Cavazos and Darrah declarations are inadmissible because they are not based on personal knowledge but documents and information obtained from others. Under the Federal Rules

of Evidence, a witness may testify to a matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 n.9 (1993) (quoting Advisory Committee's Notes on Fed. R. Evid. 602 ("'[T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact'[.]" (citation omitted))). █████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

For example, in her declaration, Cavazos states that Comcast made a "forensic copy" of the contents of a data platform implicated in the 2023 data breach addressed in this litigation, the ESD. *See* ECF No. 158-3, Cavazos Decl. ¶¶ 4-6. Cavazos states that Comcast loaded this forensic copy into a specialized database tool called "Snowflake," and applied a series of queries against the data, resulting in the twelve Exhibits attached to the Cavazos Decl., which purportedly contain account information from the ESD concerning Plaintiffs. *Id.* at ¶¶ 11, 13. ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████ Both the declaration and queries were all created by and at the direction of Comcast counsel. So any knowledge of the queries or the results by Cavazos came from two levels of hearsay from Comcast's lawyers and therefore are entirely inadmissible. *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (stating that "affidavits shall be made on personal knowledge," and "an affidavit is inadmissible if "'the witness could not have actually perceived or observed that which he testifies to.'"); *Lippay v. Christos*, 996 F.2d 1490, 1501 (3d Cir.1993) (vacating district court order with instructions to reconsider motion without the inadmissible hearsay evidence); *See Schuchardt v. President of United States*, 802 F. App'x 69, 74 (3d Cir. 2020) (affirming district court's ruling barring evidence on Rule 12(b)(1) factual challenged when evidence was predicated on hearsay).

Like the Cavazos Declaration, the Darrah Declaration must also be excluded because Darrah did not have personal knowledge of the statements within, rendering it inadmissible under Fed. R. Evid. 602. Darrah asserts that ZeroFox conducted an "investigation" by searching two dark

web marketplaces for data available for sale related to "Xfinity." *See* ECF No. 158-18, Darrah

Decl. ¶¶ 10-11.  Accordingly, they lack

personal knowledge as to those matters and are inadmissible under FRE 602.

## II.    THE CAVAZOS AND DARRAH DECLARATIONS ARE IMPERMISSIBLE OPINION TESTIMONY VIOLATING FRE 701.

The Cavazos and Darrah declarations should be disregarded because they contain

unsupported and inadmissible opinion testimony. Federal Rule of Evidence 701 governs lay

witness opinion testimony. Under FRE 701, a non-expert may provide opinions if those opinions

are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *Acosta v. Cent. Laundry, Inc.*, 273 F. Supp. 3d 553, 555–56 (E.D. Pa. 2017). Like with FRE 602, Comcast fails to meet FRE 701.

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

Nor are Cavazos's and Darrah's declarations helpful to the determination of a fact or issue. Indeed, "...to be 'helpful,' an opinion must be reasonably reliable[.]" *United States v. Savage,* 970 F.3d 217, 286 (3d Cir. 2020). But the matters asserted in Cavazos's and Darrah's declarations are unreliable. Comcast relies on Cavazos's declaration in an attempt to limit the scope of Plaintiffs' compromised data as a result of the Data Breach. This attempt is based on Cavazos's unfounded and unexplained assertion that Comcast made a "forensic copy" of the contents of ESD implicated in the Data Breach. *See* ECF No. 158-3, Cavazos Decl. at ¶¶ 4-6. Cavazos states that Comcast imported this forensic copy into a database tool called "Snowflake," and applied a series of queries against the data, which purportedly resulted in the scope of Plaintiffs' data contained in ESD at the time of the Breach. *Id.* at ¶¶ 11, 13. Thus, the reliability of the copy created nearly a month after the Data Breach is critical to Defendants' entire defense. But Cavazos does not explain Comcast's methodology for creating the forensic copy or why it created the forensic copy almost a month after the Data Breach. A "forensic copy" is an industry standard term, and when such a copy is created improperly, it can lead to an unreliable final result. *See* ECF No. 190-2, Strebe Decl. ¶¶ 8-10. A couple of examples include failure to export from all relevant tables or accidental use of an overly broad filter expression. *Id.* at ¶ 10. As Strebe opines, without more, the reliability

of the "forensic copy" is in serious doubt. *Id.* at ¶¶ 10-16, 21.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████ Thus, Cavazos's conclusory statement about the "forensic copy" and any evidence derived therefrom is unreliable and unhelpful. As such, Cavazos does not meet FRE 701(b). And, in any event, accepting Cavazos declaration would be inequitable and prejudicial.

Cavazos is not alone. Darrah's opinions suffer from similar deficiencies. Comcast relies on Darrah's declaration to argue Plaintiffs' information is not on the dark web site identified in the FACC. ECF No. 158-2, at 3. But to be reliable, "Rule 701 [] requires that a lay opinion witness

have a reasonable basis grounded either in *experience or specialized knowledge* for arriving at the opinion that he or she expresses." *Savage*, 970 F.3d at 286 (emphasis in original). ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Like Cavazos, Darrah does not meet FRE 701(b).

Lastly, Cavazos's and Darrah's declaration contain matters that are more appropriately addressed by FRE 702. For instance, creating a forensic copy requires certain expertise to ensure that the forensic copy meets industry standard. *See* ECF No. 190-2, Strebe Decl. at ¶ 12. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ Certainly, determining what is a "reasonable method" to employ to extract targeted data from a large dataset is precisely the type of opinion that requires "scientific, technical, or other specialized knowledge" for it to be reliable and meet FRE 702(c). Similarly, Darrah's declaration contains assertions about the dark web and a dark web investigation. These are matters requiring "scientific, technical, and specialized knowledge" more appropriate under FRE 702.

### III.    COMCAST FAILS TO QUALIFY CAVAZOS AND DARRAH AS EXPERT WITNESSES RENDERING THEIR OPINIONS INADMISSIBLE UNDER FRE 702.

Likewise, because the matters asserted by Cavazos and Darrah require "scientific, technical, and specialized knowledge" within the scope of Rule 702, they must be properly qualified as expert witnesses. *See* Fed. R. Evid. 702; *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998). They are not. Federal Rule of Evidence 702 requires that admissible expert testimony should be considered based on qualifications, reliability, and fitness. *Id.* Preliminarily, Comcast must show that Cavazos and Darrah are qualified by "knowledge, skill, experience, training, or education[.]" Fed. R. Evid. 702. And Comcast must show that "it is more likely than not" that Cavazos and Darrah's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; that their testimony is "based on sufficient facts or data"; that their testimony is "the product of reliable principle and methods"; and that Cavazos's and Darrah's opinions reflect "a reliable application of the principle and methods to the facts of the case." *Id.* Comcast has not met its burden.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████████████████

████████ As a result of failing to meet the first prong, the rest fall as well. Without the requisite knowledge, skill, experience, training, or education, Comcast cannot show that Cavazos's testimony is based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of the principles and methods to the facts of the case.

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████ Like Cavazos, without the relevant expertise or knowledge, he cannot meet the remaining requirements of FRE 702.

Cavazos and Darrah do not identify or describe any field of scientific, technical, or other specialized knowledge in which either is an expert. There is no basis from which this Court could determine that their opinions are based upon reliable principles and methods. And there is no sign that Cavazos or Darrah have any appropriate basis to provide opinion testimony concerning the matters in their declarations. Accordingly, their opinions do not meet Rule 702.

## **CONCLUSION**

For these reasons, the Court should grant Plaintiffs' Objections to and Motion to Strike of

11

the Declarations of Sandra Cavazos and Adam Darrah.

Dated: April 30, 2025

Respectfully submitted,

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
T: (816) 714-7100
siegel@stuevesiegel.com

*Co-Lead Interim Class Counsel*

Charles E. Schaffer (PA No. 76259)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
T: (215) 592-1500
cschaffer@lfsblaw.com

*Co-Liaison Counsel*

Ryan J. Clarkson
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
T: (213) 788-4050
rclarkson@clarksonlawfirm.com

Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
T: (914) 997-0500
afiorilla@lowey.com

*/s/ Gary F. Lynch*
Gary F. Lynch (PA No. 56887)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com

*Co-Lead Interim Class Counsel*

James A. Francis (PA No. 77474)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
jfrancis@consumerlawfirm.com

*Co-Liaison Counsel*

E. Michelle Drake
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T: (612) 594-5933
emdrake@bm.net

Todd S. Garber
**FINKELSTEIN, BLANKINSHIP FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
T: (914) 298-3281
tgarber@fbfglaw.com

Kevin Laukaitis (PA No. 321670)
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

Matthew L. Lines
**LINES LAW PLLC**
201 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
T: 786-634-4306
lines@lineslaw.com

Amber L. Schubert
**SCHUBERT JONCKHEER &
KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
T: (415) 788-4220
aschubert@sjk.law

Joe P. Leniski, Jr.
**HERZFELD, SUETHOLZ, GASTEL,
LENISKI & WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, Tennessee 37203
T: (615) 800-6225
joey@hsglawgroup.com

Rosemary M. Rivas
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
T: (510) 350-9720
rmr@classlawgroup.com

Diana J. Zinser (PA No. 203449)
**SPECTOR ROSEMAN AND KODROFF,
P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
T: (215) 496-0300
dzinser@srkattorneys.com

*Plaintiffs' Executive Committee*

13