# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>COMCAST CABLE COMMUNICATIONS LLC, et al.,<br><br>      Defendants.<br><br>This Document Relates To: All Actions | Master Docket No. 2:23-cv-05039-JMY |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS AGAINST COMCAST CABLE COMMUNICATIONS, LLC AND COMCAST CORPORATION

## TABLE OF CONTENTS

1.    RECITALS ……………………………………………………………………..1

2.    DEFINITIONS ………………………………………………………………4

3.    SETTLEMENT FUND …………………………………………………….12

4.    SETTLEMENT FUND ACCOUNT ………………………………………13

5.    PRESENTATION OF SETTLEMENT TO THE COURT …………………………...15

6.    EFFECTIVE DATE AND TERMINATION ………………………………………15

7.    CONSUMER SETTLEMENT BENEFITS PLAN………………………………………18

8.    DUTIES OF SETTLEMENT ADMINISTRATOR ………………………………...18

9.    NOTICE PLAN …………………………………………………………21

10.   CAFA NOTICE …………………………………………………………22

11.   COVENANTS NOT TO SUE…………………………………………………22

12.   REPRESENTATIONS AND WARRANTIES ………………………………………22

13.   RELEASES………………………………………………………………23

14.   NO ADMISSION OF WRONGDOING………………………………………………25

15.   OPT-OUTS………………… ………………………………………………26

16.   OBJECTIONS………………………………………………………………27

17.   SERVICE AWARDS………………………………………………………28

18.   ATTORNEYS' FEES AND EXPENSES………………………………………..29

19.   CONFIDENTIALITY………………………………………………………29

20.   NOTICES .……………………………………………………………30

21.   MISCELLANEOUS PROVISIONS………………………………………………..31

## <u>EXHIBITS</u>

A.    List of Actions

B.    List of Settlement Class Representatives

C.    Proposed Preliminary Approval Order

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS AGAINST COMCAST CABLE COMMUNICATIONS, LLC AND COMCAST CORPORATION

This Settlement Agreement and Release is made as of December 23, 2025, by and between (a) the Settlement Class Representative Plaintiffs ("Plaintiffs"), on behalf of themselves and the Settlement Class, and (b) Comcast Cable Communications, LLC and Comcast Corporation (together, "Comcast" or "Defendant" and with Plaintiffs collectively, the "Parties"), in the actions pending in the United States District Court for the Eastern District of Pennsylvania (the "Court") styled *Hasson v. Comcast Cable Communications LLC*, Case No. 2:23-cv-05039-JMY. This Settlement will also resolve, *inter alia*, the case previously docketed as *Emmett v. Citrix Sys., Inc.*, No. 2:25-CV-546, 2025 WL 1919561 (W.D. Pa. July 11, 2025) and the case docketed as *Scheirer v. Comcast Cable Communications, LLC*, Case 2:23-cv-05039-JMY (E.D. Pa. Dec. 19, 2023).

1. **Recitals**

1.1     On December 18, 2023, Comcast announced that it had been the victim of a third-party, criminal cyberattack in which the attacker was able to gain unauthorized access to consumer data.

1.2     After the announcement of the Data Breach (see Section 2 for all defined terms), multiple putative class action lawsuits were filed against Comcast, alleging that Comcast had failed to properly protect personal information in accordance with its duties, had inadequate data security, was unjustly enriched by the use of personal data of the impacted individuals, violated the federal Cable Act, 47 U.S.C. § 521, *et seq.*, violated certain state consumer statutes and other laws, and improperly or inadequately notified potentially impacted individuals.  Comcast denies these claims and denies liability.

1.3     On March 27, 2024, the Court consolidated 24 putative class actions arising out of the Data Breach into *Hasson v. Comcast Cable Communications LLC*, Case No. 2:23-cv-05039-

JMY, before the Hon. John M. Younge. ECF No. 14. On May 15, 2024, the Court entered Case Management Order No. 2 appointing Plaintiffs' Interim Class Counsel, a Plaintiffs' Executive Committee, and Plaintiffs' Co-Liaison Counsel (ECF No. 51), and authorizing Class Counsel to litigate all pretrial proceedings and to conduct settlement negotiations on behalf of plaintiffs and absent putative class members that now comprise the Settlement Class.

1.4    Class Counsel filed a Consolidated Complaint in the Action on July 1, 2024 (ECF No. 67), then a First Amended Consolidated Complaint on January 31, 2025 (ECF Nos. 139, 140, the "Amended Complaint"),[1] which Comcast moved to dismiss on February 14, 2025 (ECF Nos. 158, 162).

1.5    Class Counsel engaged several experts to support their efforts in the Action, conducted a detailed investigation of the factual and legal claims presented in the Amended Complaint, and interviewed numerous Data Breach victims in preparation for filing the Amended Complaint.

1.6    Class Counsel engaged in substantial discovery in the Action, reviewing approximately 8,000 pages of documents produced in discovery thus far, taking seven depositions, and defending the depositions of seven of the Settlement Class Representatives, and three of plaintiffs' experts. The Parties litigated numerous legal and procedural issues before the Court, including extensive fact and expert discovery relating to subject matter jurisdiction, and motions to dismiss.

---

[1] A corrected version of the Amended Complaint was filed in redacted form at ECF No. 144-1. The Court subsequently replaced ECF No. 140 with the unredacted, sealed version of the Amended Complaint.

1.7    Comcast denies all material allegations of the Amended Complaint and specifically denies that it failed to properly protect personal information in accordance with its duties, had inadequate data security, was unjustly enriched by the use of personal data of the impacted individuals, violated the federal Cable Act, state consumer statutes and other laws, or improperly or inadequately notified potentially impacted individuals.

1.8    The Parties' Counsel are experienced litigators in consolidated class actions, generally, and the data breach field, specifically. At various times before and after the filing of the Amended Complaint, the Parties, through counsel, engaged in various discussions regarding potential early mediation of this case. These discussions led to a series of mediation sessions before the Hon. Diane M. Welsh (Ret.), a retired federal magistrate judge now mediating cases through JAMS in Philadelphia, Pennsylvania. The mediation took place over multiple all-day, in-person sessions, including full day sessions on August 19, 2024, March 12 and 13, 2025; October 10, 2025; November 6, 2025; and finally, November 20, 2025.

1.9    The Parties recognize the expense and length of proceedings necessary to continue litigation of the Action through further motion practice, discovery, trial, and any possible appeals at all stages of the litigation. The Parties have taken into account the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to certify a class and establish liability and damages for the claims alleged in the Action and the defenses thereto. Based upon their investigation, discovery, and motion practice, as set forth above, the Parties have determined that the settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate. The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

3

1.10   It is the intention of the Parties to resolve the disputes and claims which they have between

them, and which were raised or could have been raised in the action, on the terms set forth

below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein

described and for other good and valuable consideration acknowledged by each of the Parties to be

satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree

as follows:

## 2.   <u>Definitions</u>

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto,

the following terms have the meanings specified below:

2.1   "Action" or "Actions" means all the actions listed in Exhibit A, which are cases that have

been filed in, transferred to, or otherwise assigned to the Court and included in the

consolidated proceeding captioned *Hasson v. Comcast Cable Communications LLC*, Case

No. 2:23-cv-05039-JMY (E.D. Pa.), including the case previously docketed as *Emmett v.*

*Citrix Sys., Inc.*, No. 2:25-CV-546, 2025 WL 1919561 (W.D. Pa. July 11, 2025) and the

case docketed as *Scheirer v. Comcast Cable Communications, LLC*, Case 2:23-cv-05039-

JMY (E.D. Pa. Dec. 19, 2023), and other related cases against Comcast asserting claims

arising from the Data Breach.

2.2   "Administrative Costs" means all reasonable costs and expenses incurred by the Settlement

Administrator in carrying out its duties under this Agreement.

2.3   "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement

and Release and all of its attachments and exhibits, which the Parties understand and agree

set forth all material terms and conditions of the Settlement of the Action between them and

which is subject to approval by the Court.

4

2.4    "Attorneys' Fees" means the attorneys' fees that Co-Lead Counsel request the Court to approve for payment from the Settlement Fund on behalf of all Plaintiffs' counsel as compensation for work in prosecuting and settling the Action.

2.5    "Business Days" means every Monday, Tuesday, Wednesday, Thursday, and Friday, but excluding holidays observed by the U.S. federal government.

2.6    "Class Counsel" means Co-Lead Counsel Gary F. Lynch of Lynch Carpenter LLP and Norman E. Siegel of Stueve Siegel Hanson LLP, and Co-Liaison Counsel James A. Francis of Francis Mailman Soumilas, P.C. and Charles E. Schaffer of Levin Sedran & Berman LLP.

2.7    "Class List" means the list of individuals as defined in Paragraph 2.36. Comcast represents this number of individuals to be approximately 31,658,000.

2.8    "Comcast" means Comcast Cable Communications, LLC and Comcast Corporation.

2.9    "Comcast's Counsel" means Comcast's counsel of record in the Action from the law firm of Holland & Knight LLP.

2.10    "Complaint" and "Amended Complaint" mean the First Amended Consolidated Class Action Complaint filed in the Action on January 31, 2025 (ECF Nos. 140, 144-1).

2.11    "Consumer Settlement Benefits Plan" means the plan for processing claims for and distributing Settlement benefits to Settlement Class Members, which shall be presented by Class Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

2.12    "Court" means the United States District Court for the Eastern District of Pennsylvania, where the Action is pending.

2.13    "Data Breach" means the cybersecurity incident announced by Comcast on or about December 18, 2023, which is the subject of the Action.

5

2.14    "Defendant" means Comcast, as defined above.

2.15    "Effective Date" means the date when all of the conditions set forth in Section 6.1 of this Agreement have occurred; provided, however, that this Agreement has not been terminated under Section 6.2.

2.16    "Entity" means any corporation, partnership, limited liability company, association, trust, or other organization of any type.

2.17    "Expenses" means the reasonable costs and expenses incurred in litigating the Action that Co-Lead Counsel request the Court to approve for payment from the Settlement Fund on behalf of all Plaintiffs' counsel.

2.18    "Final Approval" means entry of a Final Approval Order and Judgment.

2.19    "Final Approval Hearing" means the hearing to be conducted before the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment. The Final Approval Order and Judgment shall be entered no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.

2.20    "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, finally approves the Agreement, finally certifies the Settlement Class for settlement purposes, dismisses all claims in the Action with prejudice, releases the Released Parties from the Released Claims as set forth herein, bars and enjoins the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment, includes as an exhibit a list of individuals who timely and validly opted out of the Settlement, and satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects.

6

2.21    "Judgment" means the Final Approval Order and Judgment.

2.22    "Notice Costs" means all reasonable costs and expenses incurred in connection with implementing and executing the Notice Plan.

2.23    "Notice Date" means the date by which notice will be fully commenced, which shall be no later than sixty (60) days after the Court enters the Preliminary Approval Order.

2.24    "Notice Plan" means the Settlement notice program to be presented by Class Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

2.25    "Objection Deadline" means the deadline by which written objections to the Settlement must be filed with the Court. Such deadline shall be forty-five (45) days after the Notice Date.

2.26    "Opt-Out Deadline" means the deadline by which written requests for exclusion from the Settlement must be submitted online or postmarked as set forth in the Preliminary Approval Order. Such deadline shall be forty-five (45) days after the Notice Date.

2.27    "Parties" means the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Comcast.

2.28    "Parties' Counsel" means Class Counsel and Comcast's Counsel.

2.29    "Preliminary Approval Order" and "Preliminary Approval" mean an order in the form of or materially in the form of the proposed Preliminary Approval Order attached as Exhibit C determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2) and concluding that the Court will likely be able to certify the Settlement Class for settlement purposes and for purposes of entering a Judgment. The Preliminary Approval Order will, among other things, (i) include a procedure for individuals to object to or request exclusion from the Settlement (along with the applicable Objection and Opt-Out Deadlines), (ii) include the date and time of the Final Approval Hearing, (iii) approve

7

and provide pertinent information from the Notice Plan and Consumer Settlement Benefits Plan, and (iv) stay and/or enjoin pending Final Approval of the Settlement all actions and other proceedings brought by Settlement Class Members concerning any Released Claims against Comcast, except that individuals that validly and timely opt out of the Settlement shall not be subject to any stay or injunction.

2.30    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for multiplied or treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Actions, or any theories of recovery that were, or could have been, raised at any point in the Actions.

2.30.1    For the avoidance of doubt, the Released Claims include, without limitation, any claims that a Releasing Party may have against the Released Parties under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professions Code § 17200 *et seq.*, California Civil Code § 1750 *et seq.*, California Civil Code § 1798 *et seq.*, California Civil Code § 1798.150, California Civil Code § 56.10 *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United

8

States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

2.31   "Released Parties" means (i) Comcast, Citrix Systems, Inc., and Cloud Software Group, Inc.; and (ii) each of their respective current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, licensors, licensees, associates, affiliates, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, accountants, underwriters, lenders, auditors, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, retailers, and companies, firms, trusts, and corporations.

2.32    "Releasing Parties" means the Settlement Class Representatives and all Settlement Class Members who do not timely and validly opt out of the Settlement, and all of their respective heirs, executors, administrators, agents, attorneys and assigns.

2.33    "Service Awards" means any payments made, subject to Court approval, to Settlement Class Representatives.

2.34    "Settlement" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Agreement.

2.35    "Settlement Administrator" means Kroll Settlement Administration LLC. A different or additional Settlement Administrator may be substituted or added if approved by order of the Court.

2.36    "Settlement Class" means all persons residing in the United States and its territories who were sent individual notification of the Data Breach, which occurred in October 2023, and was publicly disclosed by Comcast in December 2023. Excluded from the Settlement Class are (i) Comcast, any entity in which Comcast has a controlling interest, and Comcast's officers, directors, employees, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) all individuals who on or before the filing of Plaintiffs' Motion for Preliminary Approval either (1) filed a written arbitration demand or petition against Comcast relating to the Data Breach but have not signed a release of their claims against the Released Parties, (2) provided written notice to Comcast that they are currently represented by counsel for an arbitration claim related to the Data Breach but have not signed a release of their claims against the Released Parties, or (3) released their claims against the Released Parties.

10

2.37    "Settlement Class Member" or "Member of the Settlement Class" means any person within the definition of Settlement Class as defined in Section 2.36.

2.38    "Settlement Class Representatives" means the individuals identified in Exhibit B.

2.39    "Settlement Fund" means the one hundred and seventeen million and five hundred thousand United States Dollars ($117,500,000) that Comcast shall pay pursuant to Section 3 of this Agreement.

2.40    "Settlement Fund Account" means the account described in Section 4 of this Agreement.

2.41    "Taxes" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

2.42    "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions,

11

rights, and benefits conferred by any law of any state or territory of the United States, the

District of Columbia, or principle of common law or otherwise, which includes or is similar,

comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement

Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a

key element of the Settlement Agreement.

**3.    Settlement Fund**

3.1    Comcast agrees to make a non-reversionary settlement payment of one hundred and

seventeen million and five hundred thousand United States Dollars ($117,500,000) and

deposit that settlement payment into the Settlement Fund by no later than March 31, 2026.

For avoidance of doubt, Comcast's deadline to make the settlement payment into the

Settlement Fund shall remain in force regardless of whether the Court has entered a

Preliminary Approval Order by March 31, 2026.

3.2    The Settlement Fund shall be used to pay for (i) Notice Costs, including the costs of notice

required under the Class Action Fairness Act; (ii) Administrative Costs; (iii) Service Awards

approved by the Court; (iv) Attorneys' Fees and Expenses approved by the Court; and (v)

Settlement benefits for the Settlement Class as provided for in the Consumer Settlement

Benefits Plan to be filed by Class Counsel and approved by the Court. Except as provided in

Sections 3.3, 3.4, and 9.4, Comcast shall not be obligated to pay more than one hundred and

seventeen million and five hundred thousand United States Dollars ($117,500,000) in connection with the Settlement of the Action, including with respect to all Notice Costs and Administrative Costs. No funds shall revert to Comcast with the sole exception that if the Effective Date does not occur or the Settlement is terminated in accordance with its terms, then Comcast shall be entitled to the amounts as set forth in Section 6.4.1.

3.3    Comcast will pay for any Notice Costs and Administrative Costs that, collectively, are in excess of $7.3 million (the "Excess Notice and Administrative Costs"), separate from and in addition to the Settlement payment required by Section 3.1.

3.4    Comcast represents that the Settlement Class contains approximately 31,658,000 individuals. If the number of Settlement Class Members is more than 1% greater than this amount, then Comcast shall pay to increase its payment to the Settlement Fund by a pro-rated amount.

3.5    Co-Lead Counsel and/or the Settlement Administrator shall timely furnish to Comcast any required account information, wiring instructions, or necessary forms as reasonably determined by Comcast (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) before the deadline for making the Settlement payment set forth in Section 3.1.

**4.    <u>Settlement Fund Account</u>**

4.1    The Settlement Fund monies shall be held in the Settlement Fund Account, which shall be established and maintained by the Settlement Administrator.

4.2    All funds held in the Settlement Fund Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

13

4.3     No amounts may be withdrawn from the Settlement Fund Account unless (i) authorized by this Agreement; (ii) authorized by the Consumer Settlement Benefits Plan or Notice Plan, after approval by the Court; or (iii) otherwise approved by the Court.

4.4     The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

4.5     Upon or before establishment of the Settlement Fund Account, the Settlement Administrator shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Comcast with that employer identification number on a properly completed and signed IRS Form W-9.

4.6     The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding with the Settlement Administrator relating to the Settlement Fund Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance

14

with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Administrative Costs and paid from the Settlement Fund.

4.7     All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account, shall be considered to be an Administrative Cost of the Settlement, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund Account shall be used to indemnify and hold harmless the Parties and the Parties' Counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

4.8     Following its payment of the Settlement Fund monies as described in Section 3.1 of this Agreement, Comcast shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

## 5.     <u>Presentation of Settlement to the Court</u>

5.1     No later than December 23, 2025, the Settlement Class Representatives and Class Counsel shall file this Agreement along with a motion seeking a Preliminary Approval Order pursuant to the requirements of Federal Rule of Civil Procedure 23(e)(1). Such motion shall also include and seek approval of the Notice Plan and Consumer Settlement Benefits Plan.

5.2     After entry by the Court of a Preliminary Approval Order, and no later than ten (10) days before the Final Approval Hearing, Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

## 6.    **Effective Date and Termination**

6.1     The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

    6.1.1   The Parties execute this Agreement;

    6.1.2   The Court enters the Preliminary Approval Order without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached as Exhibit C, which shall include approval of the Notice Plan and Consumer Settlement Benefits Plan to be proposed by Class Counsel;

    6.1.3   Comcast funds the Settlement Fund;

    6.1.4   Notice is provided to the Settlement Class in accordance with the Preliminary Approval Order and Notice Plan;

    6.1.5   The Court enters the Final Approval Order and Judgment consistent with the requirements as set forth in Section 2.18; and

    6.1.6   The Final Approval Order and Judgment has become final because (i) the time for appeal, petition, rehearing, or other review has expired; or (ii) if any appeal, petition, or request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change, or the appeal is dismissed or otherwise disposed of, and no other appeal, petition, rehearing or other review is pending, and

the time for further appeals, petitions, and requests for rehearing or other review has expired.

6.2    This Settlement may be terminated by either Settlement Class Representatives or Comcast by serving on counsel for the opposing Party and filing with the Court a written notice of termination within ten (10) Business Days (or such longer time as may be agreed between Class Counsel and Comcast) after any of the following occurrences:

6.2.1    Class Counsel and Comcast mutually agree to termination before the Effective Date;

6.2.2    The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Settlement Agreement;

6.2.3    An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

6.2.4    The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, or the Settlement; or

6.2.5    The Effective Date does not occur.

6.3    Notwithstanding Sections 6.2.2 through 6.2.4, if the Parties fail to obtain Preliminary Approval or Final Approval of the Settlement, or if the Final Approval Order and Judgment is not upheld on appeal, the Parties shall negotiate in good faith in an attempt to modify the Settlement in a manner to effectuate the terms of this Agreement to obtain Preliminary Approval and Final Approval. If the Parties are unable to reach an agreement to modify the

17

Settlement consistent with this Section, then either Party may terminate this Agreement by providing written notice of termination, as provided for in Sections 6.2.2 through 6.2.4.

6.4    If this Agreement is terminated under Section 6.2 above, the following shall occur:

6.4.1    Within ten (10) Business Days of receiving notice of a termination event from Comcast's Counsel, the Settlement Administrator shall pay to Comcast an amount equal to the Settlement Fund, together with any interest or other income earned thereon, less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Administrative Costs or Notice Costs already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

6.4.2    The Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement;

6.4.3    Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a future class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

6.4.4    This Agreement shall become null and void, and the fact of this Settlement and that Comcast did not oppose certification of Settlement Class shall not be used or cited by any person or entity in support of claims or defenses or in support of or in opposition to a future class certification motion in connection with any further

18

proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim.

## 7. Consumer Settlement Benefits Plan

7.1    In connection with a motion seeking a Preliminary Approval Order, Class Counsel shall present to the Court for approval the Consumer Settlement Benefits Plan, which shall describe in detail, among other things, (i) the benefits available to Settlement Class Members, and (ii) the process and timing for submitting claims for such benefits.

7.2    The Settlement Administrator shall be responsible for implementing and executing the Consumer Settlement Benefits Plan.

## 8. Duties of Settlement Administrator

8.1    The Parties agree that Class Counsel will retain, subject to Court approval and Comcast's input, an independent Settlement Administrator. The Settlement Administrator shall perform the functions specified in this Agreement, any functions specified in the Notice Plan or Consumer Settlement Benefits Plan after Court approval, and any other functions approved by the Court. In addition to other responsibilities that are described elsewhere in this Agreement (and in the Notice Plan and Consumer Settlement Benefits Plan, once approved by the Court), the duties of the Settlement Administrator shall include:

8.1.1    Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

8.1.2    Establishing a reasonably practical procedure, using information obtained from Comcast pursuant to Section 9.2, to verify that claimants are Settlement Class Members;

8.1.3    Establishing and maintaining a post office box for receiving requests for exclusion from the Settlement;

19

8.1.4   Establishing and maintaining a Settlement website;

8.1.5   Responding to Settlement Class Member inquiries via U.S. mail, email, and telephone;

8.1.6   Establishing a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

8.1.7   Paying all Taxes relating to the Settlement Fund and Settlement Fund Account;

8.1.8   Receiving and processing all written requests for exclusion from the Settlement and providing copies thereof to the Parties' Counsel. If the Settlement Administrator receives any requests for exclusion or other requests after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to the Parties' Counsel;

8.1.9   Providing weekly reports that summarize the number of claims, written requests for exclusion, objections, and any other information requested by the Parties' Counsel;

8.1.10  Within five (5) Business Days after the Opt-Out Deadline, providing a final report to the Parties' Counsel summarizing the number of written requests for exclusion (i.e., requests to opt out) and any other information requested by the Parties' Counsel;

8.1.11  After the Effective Date, processing and transmitting distributions to Settlement Class Members;

8.1.12  Prior to the Final Approval Hearing, preparing and executing an affidavit to submit to the Court that identifies each Settlement Class Member who timely and validly requested exclusion from the Settlement; and

20

8.1.13 Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

8.2    As specified in Section 3.2, and subject to the requirements of Sections 3.3 and 9.4, all Administrative Costs incurred by the Settlement Administrator or otherwise in connection with administering the Settlement shall be paid from the Settlement Fund.

8.3    Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan or Consumer Settlement Benefits Plan once approved by the Court.

**8.4**    The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan or Consumer Settlement Benefits Plan once approved by the Court.

**9.    Notice Plan**

9.1    In connection with a motion seeking a Preliminary Approval Order, Class Counsel shall present the Notice Plan to the Court for approval, which shall describe in detail the process for implementing and executing a plan to notify Settlement Class Members of, among other things, (i) the Settlement, (ii) the availability and process for claiming benefits under the Consumer Settlement Benefits Plan, and (iii) the procedure for Settlement Class Members to object to the Settlement and request exclusion from the Settlement.

9.2    The Settlement Administrator shall be responsible for implementing and executing the Notice Plan. Within thirty (30) days after the Court's entry of a Preliminary Approval Order, Comcast shall provide to the Settlement Administrator a Class List, which shall include

Settlement Class Members' full names and email addresses (to the extent available) as reflected in Comcast's records. Comcast shall also provide the Settlement Administrator a list of those individuals who on or before the filing of Plaintiffs' Motion for Preliminary Approval, either (1) filed a written arbitration demand or petition against Comcast relating to the Data Breach but have not signed a release of their claims against the Released Parties, (2) provided written notice to Comcast that they are currently represented by counsel for an arbitration claim related to the Data Breach but have not signed a release of their claims against the Released Parties, or (3) released their claims against the Released Parties, and are therefore not Settlement Class Members.

9.3     Should the Settlement be terminated for any of the reasons identified in Section 6.2, the Settlement Class Representatives, the Settlement Administrator, and Class Counsel shall immediately destroy any and all copies of the Class List.

9.4     As specified in Section 3.2, and subject to the requirements of this Section and Section 3.3, all Notice Costs incurred by the Settlement Administrator or otherwise relating to the Notice Plan shall be paid from the Settlement Fund. To the extent Comcast breaches its obligation to provide the Class List as set forth in Section 9.2, Comcast will be responsible any additional Notice Costs directly attributable to the breach.

**10.     <u>CAFA Notice</u>**

10.1    The Settlement Administrator will serve the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after this Agreement is filed with the Court.

**11.     <u>Covenants Not to Sue</u>**

11.1    The Settlement Class Representatives covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any

22

jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

## 12.   <u>Representations and Warranties</u>

12.1    Each Party represents that:

    (i)    such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

    (ii)    such Party is voluntarily entering into the Agreement as a result of arm's-length negotiations conducted by its counsel;

    (iii)    such Party is relying solely upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

    (iv)    such Party has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein;

    (v)    the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

    (vi)    except as provided herein, such Party has not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

23

(vii)    each of the Parties assumes the risk of mistake as to facts or law;

(viii)   this Agreement constitutes a valid, binding, and enforceable agreement; and

(ix)     no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

12.2    The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

12.3    The Settlement Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

**13.    <u>Releases</u>**

13.1    As of the Effective Date, all Releasing Parties, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties except for claims relating to the enforcement of the Settlement or this Agreement.

13.2    The Released Parties will release and discharge Settlement Class Members, Settlement Class Representatives, and Class Counsel from any claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims relating to the enforcement of the Settlement or this Agreement or claims for breach of this Agreement.

13.3    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts.

24

The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

**14.** **No Admission of Wrongdoing**

14.1    This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. This Agreement shall not be offered or received against Comcast as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Comcast with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Comcast.

14.2    This Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Comcast have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

14.3    The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, all similar state statutes, rules of evidence, and arbitral rules, and the mediation privilege.

14.4    Notwithstanding the foregoing provisions of Section 14 or any other terms in this Settlement, Comcast may use, offer, admit, or refer to this Agreement and to the Settlement, if approved, where it deems necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, as it deems necessary to comply with or address regulatory and/or disclosure obligations, to pursue insurance and/or other indemnification, and to enforce this Agreement and the Settlement, including the releases contained therein.

## 15.    <u>Opt-Outs</u>

15.1    Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline.

15.2    The written request for exclusion must:

(i)     Identify the case name of the Action;

(ii)    Identify the name and address of the individual seeking exclusion from the Settlement;

(iii)   Be personally signed by the individual seeking exclusion;

(iv)    Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

(v)     Request exclusion only for that one individual whose personal signature appears on the request.

26

15.3    To be effective and valid, opt-out requests submitted online must verify the request to opt-out no later than the Opt-Out Deadline using the link sent to the individual who submitted the request for exclusion.

15.4    Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

15.5    Any individual who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

15.6    Any individual on the Class List who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15.7    Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class Members.

**16.    <u>Objections</u>**

16.1    Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court on or before the Objection Deadline, as specified in the Preliminary Approval Order.

16.2    The written objection must include:

(i)     The case name and number of the Action;

(ii)    The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

27

(iii)   A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(iv)   A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

(v)   A statement of the specific grounds for the objection; and

(vi)   A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

16.3   In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

16.4   Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## 17.   <u>Service Awards</u>

17.1   The Settlement Class Representatives and Co-Lead Counsel shall submit a request to the Court for payment of Service Awards, not to exceed five thousand United States Dollars ($5,000) per individual, to the Settlement Class Representatives. Any request for Service Awards must be filed with the Court at least fourteen (14) days before the Objection Deadline. If approved by the Court, such Service Awards shall be paid by the Settlement Administrator from the Settlement Fund within fourteen (14) days after the Effective Date.

17.2    Comcast agrees not to oppose any request to the Court for Service Awards, provided such request does not seek more than five thousand United States Dollars ($5,000) per individual.

**17.3**    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Awards. If the Court declines to approve, in whole or in part, a request for Service Awards, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

**18.**    **Attorneys' Fees and Expenses**

18.1    Co-Lead Counsel shall submit a request to the Court for payment of Attorneys' Fees, expressed as a percentage of the Settlement Fund, and for reimbursement of Expenses incurred in prosecuting and settling the Action. Any request for Attorneys' Fees and Expenses must be filed with the Court at least fourteen (14) days before the Objection Deadline. If approved by the Court, such Attorneys' Fees and Expenses (including any interest on such Attorneys' Fees and Expenses) shall be paid by the Settlement Administrator from the Settlement Fund within fourteen (14) days after the Effective Date.

18.2    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses. If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

**19.**    **Confidentiality**

29

19.1    The Parties and the Parties' Counsel agree that the terms of this Settlement shall remain confidential and not be disclosed until the Agreement is publicly filed in connection with the Settlement Class Representatives' motion seeking a Preliminary Approval Order. Notwithstanding the foregoing, Comcast may disclose this Agreement for legal, compliance, and regulatory-related purposes.

## 20.    **Notices**

20.1    All notices to Class Counsel provided for in this Agreement shall be sent by either email or First-Class mail to the following:

> Norman E. Siegel
> STUEVE SIEGEL HANSON LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
> siegel@stuevesiegel.com
>
> Gary F. Lynch
> LYNCH CARPENTER LLP
> 1133 Penn Avenue, 5th Floor
> Pittsburgh, Pennsylvania 15222
> gary@lcllp.com

20.2    All notices to Comcast or Comcast's Counsel provided for in this Agreement shall be sent by either e-mail or First-Class mail to the following:

> Paul Bond
> HOLLAND & KNIGHT LLP
> 1650 Market Street, Suite 3300
> Philadelphia, Pennsylvania 19103
> Paul.Bond@hklaw.com
>
> Mark S. Melodia
> HOLLAND & KNIGHT LLP
> 787 Seventh Avenue, 31st Floor
> New York, New York 10019
> Mark.Melodia@hklaw.com

20.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by either e-mail or First-Class mail to the Comcast Settlement Administrator at the address provided by Kroll.

20.4    The notice recipients and addresses designated in this Section may be changed by written notice posted to the Settlement website.

## 21.    Miscellaneous Provisions

21.1    Further Steps. The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

21.2    Cooperation. The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

21.3    Contact with Settlement Class Members. The Parties agree that Class Counsel may communicate with Settlement Class Members regarding the Settlement, subject to the limitations of Section 22.25, and Comcast shall not interfere with such communication.

21.4    Contractual Agreement. The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

21.5    Recitals. The recitals set forth above in Section 1 shall be and hereby are terms of this Agreement as if set forth herein.

21.6    Headings. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

21.7    Integration. This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

21.8    Exhibits. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

21.9    Drafting. The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

21.10   Modification or Amendment. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.

21.11   Waiver. The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this

Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

21.12   Severability. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

21.13   Counterparts. This Agreement may be executed using electronic means such as Docusign. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

21.14   Electronic Mail. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

21.15   Successors and Assigns. The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

21.16   Survival. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

21.17   Governing Law. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of Pennsylvania, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

21.18   Confidentiality of Class List. The Settlement Administrator shall use the Class List solely for purposes of fulfilling its duties and obligations under the Settlement. The Settlement

Administrator shall keep the Class List confidential and shall not disclose the Class List except to its agents to the extent necessary to fulfill its duties and obligations under the Settlement.

21.19  <u>Interpretation</u>. The following rules of interpretation shall apply to this Agreement:

      (i)      Definitions apply to the singular and plural forms of each term defined.

      (ii)     Definitions apply to the masculine, feminine, and neuter genders of each term defined.

      (iii)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

22.20  <u>Fair and Reasonable</u>. The Parties and the Parties' Counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties. The Parties have arrived at this Agreement as a result of extensive arms-length negotiations overseen by a respected, retired Magistrate Judge.

22.21  <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

22.22  <u>Confidentiality of Discovery Material</u>. The Parties, the Parties' Counsel, and any retained or consulting experts, agree that each of them remain subject to the Court's Protective Order with respect to any discovery materials produced formally or informally thereunder.

22.23  <u>No Government Third-Party Rights or Beneficiaries</u>. No government agency or official can claim any rights under this Agreement or Settlement.

22.24  <u>No Collateral Attack</u>. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

22.25  <u>Public Statements</u>. The Parties agree not to make disparaging statements to the press regarding the Settlement or any Party. The Parties may publicly discuss the Settlement, the terms of the Settlement, any matter addressed in plaintiffs' motion for Preliminary Approval Order, or any other matter as required by law or regulation.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Co-Lead Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

**Defendant Comcast Cable Communications LLC:**

_____
Name: Norman E. Siegel
Date:

_____
Name:
Title:
Date:

_____
Name: Gary F. Lynch
Date:

**Defendant Comcast Corporation:**

_____
Name:
Title:
Date:

22.24    No Collateral Attack. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

22.25    Public Statements. The Parties agree not to make disparaging statements to the press regarding the Settlement or any Party. The Parties may publicly discuss the Settlement, the terms of the Settlement, any matter addressed in plaintiffs' motion for Preliminary Approval Order, or any other matter as required by law or regulation.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Co-Lead Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

Name: Norman E. Siegel
Date: 12/23/2025

Name: Gary F. Lynch
Date: 12/23/2025

**Defendant Comcast Cable Communications LLC:**

Name: David L. Marcus
Title: SVP
Date: 2025.12.23

**Defendant Comcast Corporation:**

Name: David L. Marcus
Title: It's Attorney
Date: 2025.12.23

35

# EXHIBIT A

## LIST OF ACTIONS

*Hasson v. Comcast Cable Communications LLC*, No. 2:23-cv-05039-JMY (E.D. Pa.);

*Prescott v. Comcast Corporation*, No. 2:23-cv-05040-GAM (E.D. Pa.);

*Hendrickson v. Comcast Corporation*, No. 2:23-cv-05072-MMB (E.D. Pa.);

*Wilson v. Comcast Cable Communications, LLC*, No. 2:23-cv-05091-JMY(E.D. Pa.);

*Nanez et al. v. Comcast Cable Communications, LLC*, No. 2:23-cv-05092-CFK (E.D. Pa.);

*Keung v. Comcast Cable Communications, LLC*, No. 2:23-cv-05110-JMY(E.D. Pa.);

*Verdier v. Comcast Corporation*, No. 2:23-cv-05137-MMB (E.D. Pa.);

*Andros et al. v. Comcast Cable Communications, LLC*, No. 2:24-cv-00068-JMY (E.D. Pa.);

*Smith v. Comcast Cable Communications, LLC*, No. 2:24-cv-00258-CFK (E.D. Pa.);

*Roseman v. Comcast Corporation*, No. 2:24-cv-00271-JMY (E.D. Pa.);

*McCauley et al. v. Comcast Cable Communications, LLC*, No. 2:24-cv-00280-JMY (E.D. Pa.);

*Munoz v. Comcast Cable Communications, LLC*, No. 2:24-cv-00425-JMY(E.D. Pa.);

*Zagacki v. Comcast Cable Communications, LLC*, No. 2:24-cv-00507-JMY (E.D. Pa.);

*Werner v. Comcast Cable Communications, LLC*, No. 2:24-cv-00599-MMB (E.D. Pa.);

*Durham v. Comcast Cable Communications, LLC*, No. 2:24-cv-00639-JMY(E.D. Pa.);

*Remark et al. v. Comcast Cable Communications*, *LLC*, No. 2:24-cv-00793-JMY (E.D. Pa.);

*Estevez v. Citrix Systems, Inc.*, No. 2:24-cv-00800-JMY (E.D. Pa);

*Carey v. Citrix Systems, Inc.*, No. 2:24-cv-01050-JMY (E.D. Pa.);

*Metzger v. Comcast Cable Communications, LLC*, No. 2:24-cv-01051-JMY (E.D. Pa.);

*Clark v. Citrix Systems, Inc.*, No. 2 :24-cv-01128-JMY (E.D. Pa.);

*Goodrow v. Citrix Systems, Inc.*, No. 2:24-cv-01129-JMY (E.D. Pa.);

*Nunn v. Citrix Systems, Inc.*, No. 2:24-cv-01130-GJP (E.D. Pa.);

*Wiley v. Citrix Systems, Inc.*, No. 2:24-cv-01198-JMY (E.D. Pa.);

*Birnie et al. v. Citrix Systems, Inc.*, No. 2:24-cv-01201-JMY (E.D. Pa.);

*Harper et al. v. Comcast Cable Communications, LLC*, No. 2:24-cv-01441-JMY (E.D. Pa.);

*Emmett v. Citrix Systems, Inc.*, No. 2:25-cv-00546-WSS (W.D. Pa. July 11, 2025) (pending remand to Fifth Judicial District of Pennsylvania, Allegheny County, No. GD-25-003268); and

*Scheirer v. Comcast Cable Communications, LLC*, No. 3:25-cv-03609-JD (N.D. Cal.) (transferred to No. 2:25-cv-03669-JMY (E.D. Pa.)).

**EXHIBIT B**

## SETTLEMENT CLASS REPRESENTATIVES

1. Patricia Andros
2. Michelle Birnie
3. Jessica Durham
4. Ryan Emmett
5. Vince Estevez
6. Alexander Nunn
7. Steven Prescott
8. Robert Smith
9. Veronica Verdier
10. Marcia Proto Wilson
11. Jodi Wolfson

Exhibit C

## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS LLC, COMCAST CORPORATION, CITRIX SYSTEMS, INC., and CLOUD SOFTWARE GROUP, INC., <br><br>     Defendants. <br><br> This Document Relates to: All Actions | Master File No. 2:23-cv-05039-JMY |

## PRELIMINARY APPROVAL ORDER

**WHEREAS**, Settlement Class Representative Plaintiffs and Defendants Comcast Cable Communications, LLC and Comcast Corporation (together, "Comcast" or "Defendant" and with Plaintiffs collectively, the "Parties"), have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with the Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") entered into by the Parties as of December 23, 2025 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement;

**WHEREAS**, all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement;

**WHEREAS**, the Parties reached a settlement as a result of arm's-length negotiations between the Parties and their counsel, under the supervision of a preeminent mediator, the Hon. Diane M. Welsh (Ret.); and

**WHEREAS**, the Court has carefully reviewed the Settlement Agreement, including the exhibits attached thereto and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record;

**IT IS HEREBY ORDERED** that:

The Settlement Agreement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a Final Approval Hearing on the Settlement as provided herein.

1.      <u>Stay of the Action</u>. Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

2.      <u>Directive to Issue Notice to Settlement Class</u>. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

The Court finds that the Settlement Class Representatives and Class Counsel have adequately represented the Settlement Class. The Court further finds that the Settlement was negotiated at arm's length by informed and experienced counsel, who were overseen by a retired United States Magistrate Judge acting as mediator. The relief provided to the Settlement Class under the Settlement is adequate. There would be substantial costs, risks, and delay associated with proceeding to trial and potential appeal. The method proposed for distributing relief to the Settlement Class and processing claims, including the Consumer Settlement Benefits Plan, is adequate and effective. The proposed award of Attorneys' Fees and Expenses, including the timing

of such payment, is reasonable, subject to the Court's review of a timely filed fee application. The Court further finds that the proposed Settlement treats Settlement Class Members equitably relative to each other.

For these reasons, the Court concludes and determines that it will likely be able to certify the proposed Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as it finds that: (a) the Settlement Class certified herein comprises millions of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those common questions of law and fact predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement; (d) a class action is superior to other available means of adjudicating this dispute; and (e) as set forth below, Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class.

3.      <u>Class Definition</u>. The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of: All persons residing in the United States and its territories who were sent individual notification of the Data Breach, which occurred in October 2023, and was publicly disclosed by Comcast in December 2023. Excluded from the Settlement Class are (i) Comcast, any entity in which Comcast has a controlling interest, and Comcast's officers, directors, employees, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) all individuals who on or before the filing of Plaintiffs' Motion for Preliminary Approval either (1) filed a written arbitration demand or petition against Comcast relating to the Data Breach but have not signed a

release of their claims against the Released Parties, (2) provided written notice to Comcast that they are currently represented by counsel for an arbitration claim related to the Data Breach but have not signed a release of their claims against the Released Parties, or (3) released their claims against the Released Parties.

4.      Settlement Class Representatives. For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiffs identified in Exhibit B to the Settlement Agreement ("Settlement Class Representatives") will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them as Settlement Class Representatives. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and are therefore typical of the Settlement Class, and that they will be adequate class representatives.

5.      Class Counsel. The Court appoints Class Counsel consisting of Co-Lead Counsel Gary F. Lynch of Lynch Carpenter LLP and Norman E. Siegel of Stueve Siegel Hanson LLP, and Co-Liaison Counsel James A. Francis of Francis Mailman Soumilas, P.C. and Charles E. Schaffer of Levin Sedran & Berman LLP to act on behalf of the Settlement Class Representatives and the Settlement Class with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

6.      Notice Provider and Settlement Administrator. The Court appoints Kroll Settlement Administration LLC as Settlement Administrator to administer the Notice Plan and the processing of claims. The Court directs that the Settlement Administrator effectuate the Settlement Agreement in coordination with Class Counsel, subject to the jurisdiction and oversight of this Court.

7.      CAFA Notice. Within ten (10) days after the filing of the Motion for Preliminary Approval, Comcast shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

8.      Notice Plan. The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are thus approved. Non-material modifications to the notices may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

9.      Class List; Identification of Arbitrations. Within thirty (30) days after this Order,

5

Comcast shall provide to the Settlement Administrator a Class List, which shall include Settlement Class Members' full names and email addresses (to the extent available) as reflected in Comcast's records. Comcast shall also provide the Settlement Administrator a list of those individuals who on or before the filing of Plaintiffs' Motion for Preliminary Approval, either (1) filed a written arbitration demand or petition against Comcast relating to the Data Breach, (2) provided written notice to Comcast that they are currently represented by counsel for an arbitration claim related to the Data Breach, or (3) released their claims against Comcast, and are therefore not Settlement Class Members.

10.    <u>Provider of Identity Defense Services and Restoration Services</u>. The Court appoints CyEx as the provider of Identity Defense Services and Restoration Services to eligible Settlement Class Members as set forth in the Consumer Settlement Benefits Plan. The Court directs that CyEx effectuate the Settlement Agreement in coordination with Class Counsel and the Settlement Administrator, subject to the jurisdiction and oversight of this Court.

11.    <u>Consumer Settlement Benefits Plan</u>. The Court has reviewed and considered the Consumer Settlement Benefits Plan proposed by Class Counsel and finds that it is fair and reasonable and equitably distributes Settlement benefits amongst Settlement Class Members. The Court directs Class Counsel, the Settlement Administrator, and CyEx to implement the Consumer Settlement Benefits Plan in accordance with its own terms, the Settlement Agreement, and the Court's orders.

12.    <u>Deadline to Submit Claim Forms</u>. As set forth in the Consumer Settlement Benefits Plan, Settlement Class Members will have until one-hundred and twenty (120) calendar days from the Notice Date to submit their claim forms ("Claims Deadline"), which is adequate and sufficient time.

13.    <u>Exclusion from Settlement Class</u>. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent online through the claims portal or via United States mail to the designated Post Office box established by the Settlement Administrator. The written notice must (i) identify the case name of the Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline in accordance with the Settlement. To be effective, opt-out requests submitted online must timely verify the request using the link sent to the individual who submitted the request for exclusion. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and incorporated in the Judgment.

14.    <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of

the Honorable John Milton Younge, United States District Court for the Eastern District of

Pennsylvania, James A. Byrne Courthouse, Courtroom 15-B, 601 Market Street, Philadelphia, PA

19106, at _____ __.m. on _____, 2026 ("Final Approval Hearing"), to

determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the

Settlement Class; (b) whether a Final Approval Order and Judgment should be entered; (c) whether

the Settlement benefits as proposed in the Settlement Agreement and Consumer Settlement

Benefits Plan should be approved as fair, reasonable, and adequate; (d) whether to approve the

application for Service Awards for the Settlement Class Representatives and an award of

Attorneys' Fees and Expenses; and (e) any other matters that may properly be brought before the

Court in connection with the Settlement. The Court may approve the Settlement with such

modifications as the Parties may agree to, if appropriate, without further notice to the Settlement

Class.

      15.    <u>Objections and Appearances</u>. Any Settlement Class Member may enter an

appearance in the Action, at their own expense, individually or through counsel of their own

choice. If a Settlement Class Member does not enter an appearance, they will be represented by

Class Counsel. Any Settlement Class Member who wishes to object to the Settlement, the

Settlement benefits, Service Awards, and/or the Attorneys' Fees and Expenses, or to appear at the

Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair,

reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment

should not be entered thereon, why the Settlement benefits should not be approved, or why the

Service Awards and/or the Attorneys' Fees and Expenses should not be granted, may do so, but

must proceed as set forth in this paragraph. No Settlement Class Member will be heard on such

matters unless they have filed in this Action the objection, together with any briefs, papers,

statements, or other materials the Settlement Class Member wishes the Court to consider, within forty-five (45) calendar days following the Notice Date. Any objection must include: (i) the case name and number of the Action; (ii) the name, address, telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel; (iii) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (iv) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection; (v) a statement of the specific grounds for the objection; and (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means. With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel.

16.     <u>Claimants</u>. Settlement Class Members who submit within one-hundred and twenty

(120) days of the Notice Date a valid claim form approved by the Settlement Administrator may qualify to receive Settlement benefits. Any such Settlement Class Member who does not submit a timely claim form in accordance with this Order shall not be entitled to receive such benefits, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, all Settlement Class Members, even those who do not enroll in the services provided by CyEx or do not submit a claim, will be entitled to utilize restoration services offered through CyEx throughout the duration of that service. Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as processing does not materially delay distribution of compensation to Settlement Class Members. No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

17.    <u>Stay and Injunction</u>. The Court hereby stays and enjoins pending Final Approval of the Settlement all actions and other proceedings brought by Settlement Class Members concerning any Released Claims, except that individuals who properly and timely opt out of the Settlement shall not be subject to any stay or injunction.

18.    <u>Final Approval Briefing</u>. All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement benefits must be filed and served at least ten (10) days prior to the Final Approval Hearing. All briefing and supporting documents in support of an application for Attorneys' Fees and Expenses and Service Awards must be filed twenty-one (21) days prior to the Objection Deadline.

19.    <u>Reasonable Procedures</u>. Class Counsel and Comcast's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement,

including making, without further approval of the Court, minor changes to the form or content of the notices, and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Parties' Settlement Agreement.

20.     <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement website (URL to be determined by Parties in consultation with Kroll) regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

21.     <u>Termination of the Settlement and Use of this Order</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement.  In such an event, the Settlement shall become null and void and shall be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.  For the avoidance of doubt, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be: (1) construed or used as an admission, concession, or declaration by or against Comcast of any fault, wrongdoing, breach, liability, or the certifiability of any class; or (2) construed or used as an admission, concession, or declaration by or against the

Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

22.    In sum, the Court enters the following deadlines. If any deadline falls on a weekend or holiday, the deadline shall extend to the next business day.

| **ACTION** | **DATE** |
|---|---|
| Comcast Provides Class List and Identification of Arbitrations | Within 30 days following entry of this Order |
| Notice Date | 90 days following entry of this Order |
| Proof of Notice Submitted | At least 10 days prior to the Final Approval Hearing |
| Motion for Attorneys' Fees and Expenses, and Service Awards | 21 days prior to the Objection Deadline |
| Exclusion / Opt-Out Deadline | 45 days after Notice Date |
| Objection Deadline | 45 days after Notice Date |
| Final Approval Brief and Response to Objections Due | At least 10 days prior to the Final Approval Hearing |
| Final Approval Hearing | (To be scheduled no earlier than 160 days after entry of this Order) |
| Deadline to Submit Claims | 120 days after Notice Date |

**IT IS SO ORDERED:**

Date: _____

_____
Hon. John Milton Younge
United States District Judge