Exhibit 3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>COMCAST CABLE COMMUNICATIONS LLC, COMCAST CORPORATION, CITRIX SYSTEMS, INC., and CLOUD SOFTWARE GROUP, INC.,<br><br>      Defendants.<br><br>This Document Relates to: All Actions | Master File No. 2:23-cv-05039-JMY |

## JOINT DECLARATION OF GARY F. LYNCH AND NORMAN E. SIEGEL IN SUPPORT OF PRELIMINARY APPROVAL

Pursuant to 28 U.S.C. § 1746, we, Gary F. Lynch and Norman E. Siegel, jointly declare and state as follows:

1.      We are Interim Co-Lead Counsel for Named Plaintiffs and the putative class in the above-captioned consolidated matter against Defendants Comcast Cable Communications, LLC and Comcast Corporation (together, "Comcast") and Defendants Citrix Systems, Inc., and Cloud Software Group, Inc. (together, "Citrix," and with Comcast, "Defendants"). We have personal knowledge of the facts below based on our role in prosecuting this matter.

2.      We have previously submitted summaries of our experience in complex and class action litigation, including our extensive experience in data breach litigation. *See* Dkt. Nos. 22-3, 22-4. Mr. Lynch is an attorney licensed in Pennsylvania and New York, and has been admitted to practice before the Supreme Court of the United States and numerous federal appellate and district

courts, including this Court. He has been practicing law for 30 years and has represented plaintiffs in numerous complex class actions, including as lead counsel in data breach class actions. Mr. Lynch is a founding member of the law firm of Lynch Carpenter, LLP ("Lynch Carpenter"). Mr. Siegel is an attorney licensed in Missouri and has been admitted to practice before the Supreme Court of the United States and numerous federal appellate and district courts. Mr. Siegel has practiced law for over 30 years and has received national recognition for his work as lead counsel in some of the largest data breach cases to date, including Equifax, Capital One, and T-Mobile.

3.      This consolidated matter originated after, in December 2023, Comcast began notifying over 30 million customers that it had suffered a massive data breach two months earlier, which was caused in part by Comcast's failure to patch a known vulnerability on its systems. FAC ¶¶ 3, 314.[1]

4.      In the weeks that followed Comcast's announcement, over twenty lawsuits were filed against Defendants in federal courts in Pennsylvania, Florida, Illinois, Minnesota, Nevada, and South Carolina.

5.      The first-filed case, *Hasson v. Comcast Cable Communications LLC*, No. 2:23-cv-5039 (E.D. Pa.), was filed in this Court on December 19, 2023, by Co-Lead Counsel Lynch.

6.      On January 4, 2024, Plaintiff Kenneth Hasson, through Co-Lead Counsel Lynch, filed a motion with the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") pursuant to 28 U.S.C. 1404(a) to transfer all federal cases related to the Comcast data breach to the Eastern District of Pennsylvania for consolidated and/or coordinated pretrial proceedings. *See In re: Comcast (NetScaler CVE-4966) Customer Data Security Breach Litigation*, MDL No. 3099, Dkt. No. 1

---

[1] Citations to "FAC" refer to Plaintiffs' First Amended Consolidated Class Action Complaint, Dkt. No. 140.

(Jan. 4, 2024) ("J.P.M.L. Docket"). Co-Lead Counsel Lynch filed this motion to ensure that this case was adjudicated before a single court that is well-equipped to handle complex multi-jurisdictional or consolidated litigation, and to prevent inconsistent rulings across overlapping nationwide class actions.

7.    Several Plaintiffs' counsel, including members of the Plaintiffs' Executive Committee, filed notices of related actions and responses in support of the motion for transfer. *See*, *e.g.*, J.P.M.L. Docket at Dkt. Nos. 39, 40, 42, 43.

8.    Comcast also filed a response, expressing its support for consolidation of all actions related to Comcast's data breach in the Eastern District of Pennsylvania for all pretrial case management purposes. J.P.M.L. Docket at Dkt. No. 47.

9.    While the motion for transfer was pending before the J.P.M.L., Co-Lead Counsel worked collaboratively with other Plaintiffs' counsel and Comcast's counsel to transfer several cases to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(b). *See*, *e.g.*, *Metzger v. Comcast Cable Commc'ns LLC*, No. 0:24-cv-60126 (S.D. Fla.).

10.    Co-Lead Counsel also worked with other Plaintiffs' counsel, including members of the Plaintiffs' Executive Committee, to voluntarily dismiss other cases and refile those cases in this Court. *See*, *e.g.*, *Birnie v. Citrix Systems, Inc.*, No. 0:24-cv-60070 (S.D. Fla.), *refiled at* No. 5:24-cv-1201 (E.D. Pa.).

11.    On March 21, 2024, after all cases had been transferred or refiled in this Court, Plaintiff Hasson, through Co-Lead Counsel Lynch, moved to consolidate all the related cases and requested that all actions be consolidated before the Honorable John M. Younge, as the judge in the first-filed case. Dkt. No. 13.

12.    On March 27, 2024, then-Chief Judge Mitchell S. Goldberg granted the motion to

consolidate, ordering that the twenty-four (24) actions then-pending in this Court arising from the Comcast data breach be consolidated before Judge Younge, and that all further pre-trial filings shall be filed on the *Hasson* docket, No. 2:23-cv-5039-JMY.

13.    On April 10, 2024, Co-Lead Counsel, continuing to work collaboratively with other Plaintiffs' counsel, submitted a joint application supported by the majority of Plaintiffs for appointment of Co-Lead Counsel, Co-Liaison Counsel, and a Plaintiffs' Executive Committee. Dkt. No. 22.

14.    On April 11, 2024, the Court scheduled a conference for May 14, 2024, to address the pending motions to appoint counsel. Dkt. No. 26.

15.    In advance of the hearing, Co-Lead Counsel engaged in substantial discussions with other Plaintiffs' counsel, who had filed competing slates. Through Co-Lead Counsel's efforts, Co-Lead Counsel was able to garner the support of counsel for all Plaintiffs for Co-Lead Counsel's proposed leadership structure prior to the hearing.

16.    On May 14, 2024, the Court held an in-person hearing regarding the outstanding applications for appointment of leadership. Dkt. No. 50.

17.    On May 15, 2024, the Court entered Case Management Order No. 2, appointing Interim Co-Lead Counsel Gary F. Lynch and Norman E. Siegel, Co-Liaison Counsel Charles E. Schaffer and James A. Francis, and a Plaintiffs' Executive Committee comprised of other Plaintiffs' counsel. Dkt. No. 51.

18.    As part of the May 15, 2024, case management order, the Court also set forth an initial case schedule and ordered that discovery would commence upon the filing of a consolidated complaint. Dkt. No. 51.

19.    On June 10, 2024, the Court entered a scheduling order setting a status conference

for July 24, 2024, and setting the deadline for the filing of a consolidated complaint by July 1, 2024. Dkt. No. 66.

20.     Co-Lead Counsel, in collaboration with Co-Liaison Counsel and the Executive Committee, spent the following weeks consolidating the allegations in the underlying complaints and conducting additional investigation into the Data Breach to strengthen Plaintiffs' allegations against Defendants.

21.     On July 1, 2024, Co-Lead Counsel filed a Consolidated Complaint on behalf of Plaintiffs, laying out extensive factual allegations related to the breach and detailing support for twenty-three claims, including state common law claims, state statutory claims, and claims under the federal Cable Communications Policy Act. Dkt. No. 67.

22.     On July 12, 2024, Comcast served its First Set of Requests for Production to Plaintiffs and its First Set of Interrogatories to Plaintiffs. Since the beginning of discovery in this case, the Settlement Class Representatives[2] have assisted counsel in responding to discovery, including producing documents, answering interrogatories, and sitting for depositions.

23.     On July 12, 2024, Plaintiffs served their First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production to Comcast.

24.     On July 12, 2024, Plaintiffs also served their First Set of Interrogatories and First Set of Requests for Production to Citrix.

25.     On July 17, 2024, Comcast served its First Requests for Admission to Plaintiffs.

26.     Co-Lead Counsel, working with several members of Plaintiffs' Executive Committee, spent significant time and effort over the following weeks and months responding to

---

[2] Unless otherwise noted, the capitalized terms used in this Declaration have the same meanings as defined in the proposed Settlement Agreement.

the discovery served on Plaintiffs.

27.    On July 19, 2024, the Parties filed a Joint Rule 26(f) Report outlining their proposed discovery plan, which was the result of comprehensive discussions between Co-Lead Counsel and defense counsel over the preceding weeks. Dkt. No. 75.

28.    On July 24, 2024, the Court held a virtual status conference with the Parties. Dkt. No. 79. During the status conference, the Court re-emphasized that discovery commenced with the filing of the Consolidated Complaint and encouraged the Parties to continue to engage in discovery in a timely manner.

29.    On August 2, 2024, Defendants provided their Initial Disclosures to Plaintiffs.

30.    On August 12, 2024, Plaintiffs served their responses and objections to Comcast's First Set of Requests for Production and First Set of Interrogatories to Plaintiffs.

31.    On August 15, 2024, Defendants moved to dismiss the Consolidated Complaint for failure to state a claim and for lack of jurisdiction. Dkt. Nos. 83-84.

32.    On August 16, 2024, Plaintiffs served their responses and objections to Comcast's First Set of Requests for Admission to Plaintiffs.

33.    On August 19, 2024, Plaintiffs and Comcast participated in their first in-person mediation session in Philadelphia with the Hon. Diane M. Welsh, a former Federal Magistrate Judge of this Court. In support of their mediation positions, Plaintiffs and Comcast each drafted detailed mediation briefs that explored the strengths and weaknesses of their cases, including issues of liability, class certification, and proof of damages, and compiled numerous exhibits. Unfortunately, the Parties were unable to reach a settlement as part of this mediation, though the Parties continued to engage in discussions concerning a potential settlement.

34.    On August 23, 2024, Comcast served its Second Set of Interrogatories to Plaintiffs.

35.     On September 18, 2024, the Court held a virtual status conference with the Parties. Dkt. No. 90.

36.     On September 20, 2024, the Parties jointly filed a proposed Protective Order for this case, after several months of meeting and conferring regarding the contents of the Protective Order. Dkt. No. 93.

37.     On September 23, 2024, the Court approved the proposed Protective Order. Dkt. No. 94.

38.     On September 23, 2024, Plaintiffs served their objections and responses to Comcast's Second Set of Interrogatories to Plaintiffs.

39.     On September 30, 2024, Plaintiffs responded to the Defendants' motions to dismiss, defending this Court's jurisdiction to hear the merits of the case under Rule 12(b)(1), and responding to Defendants' merits arguments under Rule 12(b)(6). Dkt. No. 99.

40.     On October 1, 2024, Comcast served its first volume of documents to Plaintiffs.

41.     On October 28, 2024, Plaintiffs served amended responses and objections to Comcast's First Set of Interrogatories to Plaintiffs, after several meet-and-confers between Plaintiffs and Comcast about Plaintiffs' original responses and objections.

42.     On October 30, 2024, Defendants filed their replies in support of their motions to dismiss, and Comcast filed a motion to strike certain facts and arguments from Plaintiffs' response in opposition to Comcast's motion to dismiss. Dkt. Nos. 101-06.

43.     On October 31, 2024, Plaintiffs served amended responses and objections to Comcast's First Set of Requests for Admission to Plaintiffs, after several meet-and-confers between Plaintiffs and Comcast about Plaintiffs' original responses and objections.

44.     On November 9, 2024, Citrix served its first volume of documents to Plaintiffs.

45. On November 12, 2024, the Court held another virtual status conference to discuss the outstanding motions to dismiss and motion to strike and scheduled oral argument on Defendants' motions to dismiss for December 18, 2024. Dkt. No. 108.

46. On November 13, 2024, Plaintiffs filed their opposition to Comcast's motion to strike. Dkt. No. 112.

47. On December 17, 2024, Citrix served its First Requests for Admission, First Sets of Interrogatories, and First Sets of Requests for Production on Plaintiffs.

48. On December 18, 2024, the Parties appeared before the Court for the purpose of presenting oral argument on the motions. Prior to the hearing, Plaintiffs had expended many hours preparing their arguments and presentation for the hearing. However, after a conference with the Court prior to the argument, the Parties agreed to postpone the argument until March 27, 2025, to facilitate mediation and to allow Plaintiffs to file an Amended Consolidated Complaint. Dkt. Nos. 117, 119.

49. Shortly thereafter, the Parties scheduled a two-day mediation with the Hon. Diane M. Welsh, to be held on March 12 and 13, 2025.

50. On December 27, 2024, Plaintiffs served their Second Set of Requests for Production to Comcast.

51. On December 27, 2024, Plaintiffs also served their Notice of 30(b)(6) Deposition on Citrix.

52. On January 6, 2025, the parties filed a joint motion to amend the case schedule to allow for the filing of the Amended Consolidated Complaint. Dkt. No. 128.

53. On January 7, 2025, the Court granted the joint motion and ordered that Plaintiffs file the Amended Consolidated Complaint no later than January 24, 2025, and that Defendants

respond by February 14, 2025. Dkt. No. 129.

54.     On January 7, 2025, Plaintiffs served amended objections and responses to Comcast's First and Second Sets of Interrogatories to Plaintiffs, after several meet-and-confers between Plaintiffs and Comcast about Plaintiffs' responses and objections.

55.     On January 16, 2025, Plaintiffs served their objections and responses to Citrix's First Set of Requests for Admission and First Set of Interrogatories to Plaintiffs.

56.     On January 24, 2025, Plaintiffs filed their Amended Consolidated Complaint. Dkt. Nos. 139, 140. The Amended Consolidated Complaint was the result of additional investigation by Co-Lead Counsel into the breach, and incorporated new allegations regarding Comcast's and Citrix's negligence as well as the addition of Named Plaintiff Charolet Fail.

57.     On January 24, 2025, Plaintiffs served their second amended responses and objections to Comcast's First Set of Requests for Admission to Plaintiffs, after several meet-and-confers between Plaintiffs and Comcast about Plaintiffs' responses and objections.

58.     On January 24, 2025, Citrix served their responses and objections to Plaintiffs' Notice of 30(b)(6) Deposition, which initiated several months of meet-and-confers between Plaintiffs and Citrix regarding the scope and witnesses for the Notice.

59.     On January 31, 2025, Comcast served its First Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production on Plaintiff Charolet Fail.

60.     On February 14, 2025, Defendants filed renewed Motions to Dismiss the Amended Consolidated Complaint. Dkt. Nos. 158, 160, 161. Rather than renewing their facial challenge to Article III standing under Rule 12(b)(1) and challenging Plaintiffs' claims under Rule 12(b)(6), Comcast made a factual challenge to this Court's jurisdiction to reach the merits under Rule 12(b)(1).

61.     Citrix's simultaneously filed motion incorporated Comcast's standing arguments by reference. *See* Dkt. No. 161 at 9.

62.     As part of its new factual challenge to Plaintiffs' Article III standing, Comcast attached multiple declarations.

63.     Because Comcast for the first time raised a factual challenge to Article III standing, Plaintiffs were entitled to jurisdictional discovery, and the Parties agreed to modify the briefing schedule to allow Plaintiffs to conduct targeted discovery related to Defendants' factual challenge to Plaintiffs' standing. Dkt. Nos. 166-67.

64.     On March 4, 2025, the Court granted Plaintiffs' unopposed motion for extension of time to file their opposition to Defendants' motions to dismiss, permitting jurisdictional discovery and extending Plaintiffs' opposition deadline to April 30, 2025. Dkt. No. 167.

65.     On March 18, 2025, the Court rescheduled oral argument on the motions to dismiss from March 27, 2025, to June 4, 2025. Dkt. No. 170.

66.     As part of jurisdictional discovery, Co-Lead Counsel and Co-Liaison Counsel subsequently took the depositions of Comcast employees Kalanidhi Ganapathy on March 21, 2025, in Philadelphia; Adam Darrah on March 24, 2025, in Philadelphia; and Sandra Cavazos on March 26, 2025, in Atlanta, Georgia.

67.     After Defendants filed their renewed motions to dismiss, the Parties also continued conducting standard discovery.

68.     On February 26, 2025, Co-Lead Counsel took the deposition of a corporate designee of Comcast, Sean Faust, in Atlanta, Georgia.

69.     On February 12, 2025, Defendants took the deposition of Named Plaintiff Robert Smith in Columbus, Ohio.

70.    On March 14, 2025, Defendants took the deposition of Named Plaintiff Veronica Verdier in Philadelphia, Pennsylvania.

71.    On March 18, 2025, Defendants took the deposition of Michelle Birnie in Miami, Florida.

72.    While discovery was ongoing, the Parties also continued their efforts to settle this litigation. On March 12 and 13, 2025, all Parties met in-person in Philadelphia for a two-day mediation with Judge Welsh. In support of their mediation positions, the Parties drafted supplemental mediation briefs that explored the strengths and weaknesses of each side's case, focusing on the additional developments in the case since the prior mediation in August 2024. Unfortunately, the Parties were unable to reach a settlement as part of this mediation.

73.    During the March mediation, Defendants repeatedly emphasized the strength of their challenge to Plaintiffs' Article III standing and the likelihood that Plaintiffs' claims would be dismissed on jurisdictional grounds. In response, Plaintiffs expressed their intent to protect the interests of the Class by filing one or more actions in state court to protect the Class in the event jurisdiction in federal court was found lacking for some or all Named Plaintiffs.

74.    On March 21, 2025, and March 25, 2025, Co-Lead Counsel filed two class actions related to Comcast's data breach—*Scheirer* in the Superior Court for Alameda County, California and *Emmett* in the Court of Common Pleas for Allegheny County, Pennsylvania. *See* Ex. A to Comcast's March 24, 2025, Letter to the Court, Dkt. No. 174 at 5; Ex. A to Comcast's March 26, 2025, Letter to the Court, Dkt. No. 176 at 4.

75.    In filing the *Scheirer* and *Emmett* actions, Co-Lead Counsel and Co-Liaison Counsel spent significant time and effort drafting the complaints in each action to ensure that any confidential or highly confidential information from the *Hasson* matter was not included in the

state court filings, to comply with the protective order in *Hasson*.

76.     On March 24, 2025, Comcast wrote to the Court regarding the filing of the *Scheirer* action, which had been filed the previous business day. Dkt. No. 174. Comcast's March 24 letter asked the Court to consider: (1) whether Interim Class Counsel have met their ongoing duty of candor to the Court; (2) whether Interim Class Counsel can fulfill their duty to the Class in light of the state court filing; (3) whether Interim Class Counsel will consent to an order granting the pending Motion to Dismiss; and (4) whether the Court should require Plaintiffs to stay or dismiss any state court actions. *Id*.

77.     On March 25, 2025, Comcast renewed their complaints about *Scheirer* with respect to the *Emmett* action. Dkt. No. 176.

78.     On March 26, 2025, Plaintiffs filed a response to Comcast's complaints regarding the state court actions, explaining that Plaintiffs filed the state court actions to protect the interests of the Class, if the federal claims were dismissed on jurisdictional grounds. Dkt. No. 177.

*79.*     On March 31, 2025, Comcast submitted a third letter to the Court. Dkt. No. 178. Comcast's third letter suggested the state court actions were unnecessary due to *American Pipe* tolling.

80.     On April 1, 2025, the Court held a virtual hearing with all Parties to discuss Comcast's letters to the Court and the filing of the *Emmett* and *Scheirer* actions. Dkt. No. 179.

81.     On April 2, 2025, Co-Lead Counsel wrote Comcast's counsel offering to stay the state court actions to address Comcast's concern that they were obligated to litigate multiple cases while they were challenging this Court's jurisdiction. Comcast rejected Plaintiffs' offer.

82.     On April 2, 2025, the Court entered a show cause order presenting two questions: (1) why the Court should or should not summarily dismiss this matter because of the actions of

Interim Class Counsel; and (2) in the event this Court does not summarily dismiss this action, why this Court should or should not remove and replace Interim Class Counsel. Dkt. No. 180.

83.    Given the serious questions raised by the Court's show cause order, and the potential risks to the class if Co-Lead Counsel were removed, Co-Lead Counsel spent significant time and effort finding outside subject matter expertise to help address the Court's questions. Co-Lead Counsel engaged Professor Sam Issacharoff of New York University School of Law and Professor Bruce Green of Fordham Law School to assist in the response to the show cause order. Co-Lead Counsel also spent significant time and effort crafting their written response to the show cause order.

84.    On April 11, 2025, Co-Lead Counsel filed their response to the Court's show cause order, incorporating several attachments and exhibits. Dkt. No. 183.

85.    On April 17, 2025, the Court held an in-person hearing regarding the April 2, 2025, show cause order. Prior to the hearing, Co-Lead Counsel spent substantial time preparing for the hearing to protect their role as lead counsel and protect the interests of the Class.

86.    The Court subsequently entered an order that Co-Lead Counsel would remain as court-appointed class counsel, and that the action would not be summarily dismissed. Dkt. No. 187.

87.    While the Parties were responding to the Court's show cause order, Plaintiffs and Defendants continued to engage in significant discovery.

88.    On April 8, 2025, Co-Lead Counsel took the deposition of former Citrix employee Steve Hess in Raleigh, North Carolina.

89.    On April 16, 2025, Defendants took the virtual deposition of Named Plaintiff Alexander Nunn.

90.     On April 30, 2025, Defendants took the virtual deposition of Named Plaintiff Steven Prescott.

91.     Defendants also continued to produce volumes of documents to Plaintiffs as part of discovery. In total, Class Counsel reviewed over 8,000 pages of documents across all of Defendants' productions.

92.     On April 30, 2025, Plaintiffs filed their response in opposition to Defendants' Motions to Dismiss the First Amended Consolidated Class Action Complaint. Dkt. No. 190. The same day, Plaintiffs also filed a motion to strike the declarations of Sandra Cavazos and Adam Darrah, which Comcast had filed in connection with its Motion to Dismiss, which utilized the jurisdictional discovery that Co-Lead Counsel and Co-Liaison Counsel had taken in the prior months. Dkt. No. 191.

93.     As part of Plaintiffs' Opposition to Defendants' Motions to Dismiss the First Amended Consolidated Class Action Complaint, and to respond to Comcast's factual challenge and related evidence, Co-Lead Counsel engaged several expert witnesses to provide factual support for the allegations in the amended complaint. In their filing, Co-Lead Counsel ultimately included: (1) a declaration from David Nelson confirming Plaintiffs' allegations that their information was posted on the Dark Web; (2) a declaration from Matthew O'Neill confirming the connection between the data involved in the Data Breach and the identity theft that several Plaintiffs experienced; and (3) a declaration from Matthew Strebe regarding Comcast's security practices. Dkt. No. 190.

94.     Co-Lead Counsel also expended significant time and effort developing declarations with each Named Plaintiff to confirm and expand upon the allegations in the amended complaint, which were included in their opposition filing. Dkt. No. 190.

95.     In preparation for filing their opposition, Co-Lead Counsel also carefully reviewed the transcripts from their depositions of Comcast employees Kalanidhi Ganapathy, Adam Darrah, and Sandra Cavazos, and included excerpts from these transcripts as part of their opposition filing. Dkt. No. 190.

96.     On May 8, 2025, Comcast filed an unopposed motion for an extension of time to file Defendants' replies in support of their motions to dismiss, to allow Comcast to take discovery regarding the declarations that Plaintiffs included with their opposition brief. Dkt. No. 195.

97.     On May 9, 2025, the Court granted Comcast's extension motion. Dkt. No. 196.

98.     On May 14, 2025, the Court canceled the oral argument hearing scheduled for June 4, 2025. Dkt. No. 197.

99.     While the motion to dismiss briefing was ongoing, the Parties continued engaging in both jurisdictional and standard discovery.

100.    On May 12, 2025, Citrix served their First Set of Requests for Admission and First Set of Interrogatories on Plaintiff Charolet Fail.

101.    Comcast took the depositions of several Named Plaintiffs, including Jessica Durham on May 9, 2025, in Chicago, Illinois; Vince Estevez on May 16, 2025, in Houston, Texas; Marcia P. Wilson on May 23, 2025, in Philadelphia, Pennsylvania; and Patricia Andros on June 24, 2025, in Pittsburgh, Pennsylvania.

102.    Co-Lead Counsel took the 30(b)(6) depositions of two Comcast corporate designees, Jennifer Plover and Melissa Ryan, on June 4, 2025, in Philadelphia, Pennsylvania.

103.    Comcast took the depositions of Plaintiffs' experts Matthew O'Neill on June 20, 2025, Matthew Strebe on June 24, 2025, and David Nelson on July 8, 2025.

104.    The parties also continued to exchange written discovery and met and conferred

regarding deficiencies in both sides' productions.

105.    On June 3, 2025, Comcast served its Third Set of Interrogatories to Plaintiffs.

106.    On June 9, 2025, Comcast served its Second Set of Requests for Production on Plaintiff Jessica Durham, based on testimony she gave at her deposition on May 9, 2025.

107.    On June 10, 2025, Citrix served its Second Sets of Interrogatories and First Requests for Production to Plaintiffs.

108.    On July 3, 2025, Comcast filed an additional motion for an extension of time for its reply in support of its motion to dismiss, to allow Comcast to take the depositions of the remaining Named Plaintiffs. Dkt. No. 203.

109.    On July 7, 2025, the Court granted Defendants' second unopposed motion for extension of time, extending Defendants' reply deadline to August 29, 2025, and rescheduling oral argument to September 24, 2025. Dkt. Nos. 205, 206.

110.    On July 9, 2025, Plaintiff Jessica Durham served her responses and objections to Comcast's Second Set of Requests for Production.

111.    On July 10, 2025, Plaintiffs served their objections and responses to Citrix's First Second Set of Interrogatories to Plaintiffs.

112.    On July 18, 2025, Plaintiffs served their objections and responses to Citrix's First Set of Requests for Production to Plaintiffs and their objections and responses to Comcast's Third Set of Interrogatories to Plaintiffs.

113.    On July 25, 2025, Plaintiff Charolet Fail served her objections and responses to Citrix's Second Set of Interrogatories to Plaintiffs.

114.    On August 26, 2025, Comcast took the virtual deposition of the final Named Plaintiff, Jodi Wolfson.

115.    On August 29, 2025, Defendants filed their replies in support of their motions to dismiss, Defendant Comcast filed a motion to exclude Plaintiffs' experts, and Defendants filed responses to Plaintiffs' motion to strike. Dkt. Nos. 222, 223, 224, 227, 229.

116.    On September 4, 2025, Plaintiffs filed an unopposed motion to extend deadlines for Plaintiffs' sur-reply in opposition to Defendants' Motions to Dismiss, and Defendants' sur-sur-replies in support of their Motions to Dismiss, due to the length and complexity of Defendants' August 29, 2025, filings. Dkt. No. 234.

117.    On September 8, 2025, to facilitate ongoing efforts by Co-Lead Counsel and defense counsel to mediate this litigation, the Court rescheduled oral argument from September 24, 2025, to October 29, 2025. Dkt. No. 237.

118.    On September 9, 2025, the Court granted Plaintiffs' second motion for extension of time, extending Plaintiffs' sur-reply deadline to September 19, 2025, and Defendants' sur-sur-reply deadline to October 10, 2025. Dkt. No. 236.

119.    On September 19, 2025, Plaintiffs filed their consolidated sur-reply in opposition to Defendants' motions to dismiss, their opposition to Comcast's motion to exclude experts, and their reply in support of their motion to strike. Dkt. Nos. 238, 239, 240, 242, 243, 244.

120.    On October 10, 2025, Defendants filed their sur-sur-reply in support of the motions to dismiss, their sur-reply in opposition to the motion to strike, and Comcast's reply in support of its motion to exclude experts. Dkt. Nos. 253, 255, 257, 258.

121.    On October 10, 2025, the Parties also met in-person in Philadelphia for an all-day mediation with Judge Diane M. Welsh. After an all-day mediation involving extensive and hard-fought arm's-length negotiations, and with the help of Judge Welsh, Plaintiffs and Comcast were able to reach a settlement in principle and signed a term sheet containing the essential provisions

of their settlement. However, this resolution in principle did not release all Parties.

122.    On October 21, 2025, the Court held a virtual status conference with the Parties to discuss the outcome of the October 10 mediation session, whether a resolution with all Parties was possible, and whether the motion to dismiss hearing then-scheduled for October 29, 2025, would proceed solely as to Citrix. Dkt. No. 268.

123.    On October 22, 2025, the Court ordered the Parties to arrange a mediation with Magistrate Judge Carol S.M. Wells. Dkt. No. 269.

124.    Shortly thereafter, the Parties were able to schedule a mediation session with Judge Diane M. Welsh, to be held on November 6, 2025, due to a last-minute opening in Judge Welsh's calendar. After this mediation was scheduled, the Court vacated its prior order regarding mediation with Judge Carol S.M. Wells. Dkt. No. 272.

125.    On October 23, 2025, the Parties filed a joint motion to modify the scheduling order and reschedule the hearing, in light of the upcoming mediation. Dkt. No. 270.

126.    On October 24, 2025, the Court postponed oral argument on Citrix's Motion to Dismiss until January 20, 2026, due to the Parties' scheduled mediation with Judge Welsh. Dkt. No. 272. Prior to the Court's order, Co-Lead Counsel expended substantial time and effort preparing to argue their opposition to Citrix's motion to dismiss in case the hearing proceeded as scheduled.

127.    On November 6, 2025, all Parties met in-person in Philadelphia for an all-day mediation with Judge Welsh. All Parties drafted supplemental mediation briefs that explored the strengths and weaknesses of each Party's case as it related to Citrix, considering the existing settlement in principle between Plaintiffs and Comcast. Unfortunately, the Parties were unable to reach a settlement as part of this mediation but scheduled an immediate follow-up mediation with

Judge Welsh on November 20, 2025.

128.    On November 20, 2025, the Parties again met in-person in Philadelphia for a mediation with Judge Diane M. Welsh. After an all-day mediation involving extensive arm's-length negotiations, and with the help of Judge Welsh, Plaintiffs and Comcast were able to reach a settlement in principle that would achieve global resolution of the claims in this case whereby all Parties would be released.

129.    Since the initial settlement-in-principle was finalized at the October 10, 2025, mediation, Co-Lead Counsel and Co-Liaison Counsel have expended substantial time and effort finalizing the terms of the settlement and preparing to present the settlement to the Court.

130.    Plaintiffs and Comcast have engaged in several meet-and-confers, on top of countless emails and phone calls, to resolve disputes over key terms of the Settlement Agreement, language in the exhibits to the Settlement Agreement, the notice process, and the claims administration process.

131.    The resulting Settlement Agreement is the only agreement between Plaintiffs and Comcast, and no "side agreements" exist between Plaintiffs and the Released Parties that could negatively impact Settlement Class Members.

132.    During this time, Co-Lead Counsel also conducted a robust bid process among six different settlement administrators to determine the most cost-effective vendor to assist with settlement administration, which included discussions about settlement administrators with Comcast.

133.    Throughout the settlement process, and throughout this litigation, the Settlement Class Representatives have been dedicated and active participants on behalf of the Class. They assisted Class Counsel's investigation, participated in multiple interviews, provided supporting

documentation and personal information throughout the litigation and in preparation for mediation, and assisted in compiling answers and documentation to respond to formal discovery. Almost all Settlement Class Representatives also sat for depositions, many of which were held in-person. The Settlement Class Representatives have been vital in litigating this matter, have been personally involved in the case, and each Settlement Class Representative supports the Settlement.

134.    In sum, Co-Lead Counsel, Co-Liaison Counsel, and the Plaintiffs' Executive Committee, in conjunction with the Settlement Class Representatives, have expended substantial time and effort to achieve the best possible result for the Class throughout this litigation, and believe that the Settlement represents an excellent recovery for the Class, particularly given the costs, risks, and delay of continued litigation, trial, and appeal.

We declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 23, 2025

_____          _____
Gary F. Lynch                    Norman E. Siegel