STUEVE SIEGEL HANSON

July 6, 2026

**VIA ECF**

The Honorable John M. Younge
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*Re*: *Hasson v. Comcast Cable Communications LLC, et al.*, No. 2:23-cv-05039-JMY

Dear Judge Younge:

Pursuant to the Court's June 29, 2026 Order (ECF No. 305), Class Counsel respectfully submits this letter identifying the hours, out of the 10,867.8 hours asserted in Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (ECF No. 286), that are attributable to Plaintiffs' pursuit of relief in *Scheirer v. Comcast Cable Communications LLC et al.*, No. 25CV116323 (Cal. Super. Ct., Alameda Cnty.) and *Emmett v. Comcast Cable Communications LLC et al.*, No. GD-25-003268 (Pa. Ct. Com. Pl., Allegheny Cnty.) (the "Protective Actions").

Of the 10,867.8 hours submitted with Plaintiffs' fee motion, approximately 480.2 hours were incurred in pursuit of relief in the Protective Actions. Those hours reflect work performed by Class Counsel in drafting and filing the state court complaints in the Protective Actions; briefing and litigating Plaintiffs' motions to remand and opposing Comcast's motion to strike the *Scheirer* remand motion following Defendants' removal of the Protective Actions to federal court; opposing Defendants' motions to transfer the Protective Actions to this District for consolidation with *Hasson*; and opposing Defendants' motions to dismiss in *Scheirer*.

As reflected in the record, the Protective Actions were prophylactic filings made in direct response to Defendants' factual challenge to Article III standing in this Court and were undertaken to preserve the claims of the putative Class. *See China Agritech v. Michael H. Resh*, 584 U.S. 732, 740 n.2 (2018). The Protective Actions materially advanced the resolution ultimately achieved in this consolidated action, including by preserving the Class's ability to pursue relief in a forum not bound by Article III principles and by protecting against cross-jurisdictional tolling risks. *Id.* The claims asserted in the Protective Actions were expressly resolved by and released within the Settlement now before the Court, and Class Counsel prosecuted those actions on behalf of the same Class members whose claims are compensated by the Settlement Fund. Accordingly, Plaintiffs respectfully believe that the approximately 480.2 hours attributable to that work are properly considered part of Plaintiffs' pursuit of relief for the Settlement Class.

Class Counsel remain available to provide any additional information or detail the Court may require on this issue.

Respectfully submitted,

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
T: (816) 714-7100
siegel@stuevesiegel.com

*Co-Lead Interim Class Counsel*

*/s/ Gary F. Lynch*
Gary F. Lynch (PA No. 56887)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com

*Co-Lead Interim Class Counsel*

Charles E. Schaffer (PA No. 76259)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
T: (215) 592-1500
cschaffer@lfsblaw.com

*Co-Liaison Counsel*

James A. Francis (PA No. 77474)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
jfrancis@consumerlawfirm.com

*Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 6, 2026, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Norman E. Siegel*
Norman E. Siegel